GREGG (GIER v.). See Case No. 5,406.

## Case No. 5,800.

### GREGG v. WESTON et al.

[7 Biss. 360; [3] 9 Chi. Leg. News, 175.]

Circuit Court, D. Indiana. Feb. 14, 1877.

PROMISSORY NOTE—JURISDICTION OF UNITED STATES COURT.

1. The statutes of Indiana make all promissory notes negotiable so far as to vest the property in each indorsee successively; but unless a note is made payable to order or bearer at a particular bank, whatever equity the maker was entitled to against the payee he may assert against any indorsee. Under such a statute the United States courts have no jurisdiction of an action by an assignee of a note not made payable at a bank, as such a note is not a "promissory note negotiable by the law merchant."
[Cited in Porter v. Janesville, 3 Fed. 619; Bank of Sherman v. Apperson, 4 Fed. 31; Hardin v. Olson, 14 Fed. 705.]

2. The statutes of a state enter into and become part of a note made in that state.

[This was a suit by Noah S. Gregg against John Weston and M. G. Schultz.]

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reported by Hon. John McLean, Circuit Justice.]
3 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Harrison, Hines & Miller, for plaintiff.
Jacobs & Terrell, for defendant.

Before DRUMMOND, Circuit Judge, and GRESHAM, District Judge.

GRESHAM, District Judge. Gregg, a citizen of Ohio, sues Weston and Schultz, both citizens of Indiana, on a note executed by Weston to Schultz, and by the latter assigned to the plaintiff. The note, a copy of which is made part of the complaint, was given at Kendallville, Indiana, August 4th, 1870, payable to the order of M. G. Schultz. The defendants demur to the complaint on the ground that this court has no jurisdiction.

Under the judiciary act of 1789 [1 Stat. 73], the circuit courts of the United States have no cognizance of any suit on a promissory note in favor of an assignee, unless a suit might have been prosecuted in such court on such note if no assignment had been made. It is admitted that under this statute this action could not have been maintained. But it is urged by the plaintiff that this court has jurisdiction of the action under the first section of the act to determine the jurisdiction of the circuit and district courts of the United States, approved March 13th, 1875 (18 Stat. 470). That part of section 1 which is relied on by the plaintiff as conferring jurisdiction on this court reads as follows, viz: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange."

In Indiana only notes payable to bearer or order at a bank in this state are negotiable as inland bills of exchange. 1 Davis' St. Ind. p. 636, § 6. The question is, what is meant by the words "promissory notes negotiable by the law merchant" in the act of congress? The plaintiff insists that congress contemplated all promissory notes negotiable at common law or by the statute of Anne. I think congress meant by this language, notes having the qualities of promissory notes negotiable by the law merchant, namely, notes which, in the hands of a bona fide purchaser for value before maturity, were subject to no equities in favor of the maker. The note sued on was given in Indiana and payable in Indiana, but not at a bank in this state, so that, by the law of Indiana, whatever equities the maker was entitled to as against the payee he may assert against any indorsee. That was the law of the contract. The statute of the state entered into and became a part of the note. Holloway v. Porter, 46 Ind. 62; Dundas v. Bowler [Case No. 4,141]; Brabston v. Gibson, 9 How. [50 U. S.] 263.

The statute already cited makes all promissory notes negotiable so far as to vest the property in each indorsee successively, but unless a note is made payable to order or bearer at a particular bank in this state, it cannot be said to possess all the privileges or immunities of a note negotiable according to the law merchant. The statute of Anne has generally been adopted in this country, but has never been adopted in this state.

This opinion has been submitted to my Brother DRUMMOND, and he concurs therein. The defendant's demurrer is sustained.

See Seckel v. Backhaus [Case No. 12,599].