### PORTER *v.* THE CITY OF JANESVILLE.

*(Circuit Court, W. D. Wisconsin. ———, 1880.)*

1. CIRCUIT COURTS—JURISDICTION—ASSIGNEE OF MUNICIPAL BOND—ACT OF MARCH 3, 1875, c. 137, § 1.—The circuit courts of the United States have jurisdiction, under section 1, c. 137, of the act of March 3, 1875, over a suit brought by the assignee of a municipal bond, where such bond is in form a simple acknowledgment of indebtedness, and an unconditional promise to pay a certain sum of money at a time certain.

2. NEGOTIABLE INSTRUMENTS—"BEARER" or "ORDER."—The words "bearer" or "order" are not essential to the negotiability of a promissory note.

Demurrer to complaint.

*Wm. Ruyor,* for plaintiff.

*Ed. F. Carpenter* and *John Winans,* for defendant.

BUNN, D. J.  This action is brought by the plaintiff, who is a citizen of Massachusetts, against the city of Janesville, in Wisconsin, to recover the amount of a certain bond for the sum of $1,000 and interest issued by the defendant to the Rock River Valley Railroad Company, a corporation in Wisconsin, and assignee to the plaintiff.

The following is a copy of the bond:

UNITED STATES OF AMERICA,<br>
STATE OF WISCONSIN,<br>
JANESVILLE, July 1, 1853.

$1,000.　　　　JANESVILLE SCRIP.　　　　No. 47.

This certifies that the city of Janesville is indebted to the Rock River Valley Union Railroad Company in the principal sum of $1,000, payable to said company or its assignees at the end of 20 years from the first day of July, 1853, with interest at the rate of 8 per cent. per annum, payable semi-annually in the city of New York, on delivery of the interest warrants hereto annexed, as they shall respectively become payable, until said principal sum is fully paid.  In testimony whereof, and pursuant to a vote of the common council and citizens of the city of Janesville, in a city meeting

duly notified and held for that purpose, I, A. Hyatt Smith, mayor of said city, hereunto subscribe my name, and cause the seal of said city to be affixed.

*Dated at Janesville, July 1, 1853.*

Subscribed and sealed this first day of August, 1853.

By A. HYATT SMITH, Mayor.

Countersigned by J. W. HOBSON, Treasurer.

Annexed to the bond set out in the complaint are 40 coupons, for the payment of semi-annual interest, in this form:

### INTEREST WARRANT FOR FORTY DOLLARS.

On the first day of July, 1873, the city of Janesville, Wis., will owe and will pay to the Rock River Valley Union Railroad Company, or bearer, $40, being for the half year yearly interest on city certificate No. 47, for $1,000, payable in the city of New York.          J. W. HOBSON, Treasurer.

The defendant demurs to the complaint, and the point relied upon is that the Rock River Valley Union Railroad Company, being a Wisconsin corporation, could not assign the bond to a citizen of Massachusetts so as to enable him to bring an action in this court; and the question presented is whether the bond in suit is a promissory note, negotiable by the law merchant, within the intent and meaning of section 1, c. 137, of the act of March 3, 1875, defining the jurisdiction of circuit courts.

It is contended by the defendant—*First*, that the instrument sued on is a bond and not a promissory note; *second*, that, if a note, it is not negotiable by the law merchant, it not containing the words "bearer" or "order."

In regard to the first point, sealed instruments of this character, providing for the payment of money at a future time, certainly have in this country, with very few exceptions, been held promissory notes rather than specialties. In fact, the instrument in suit answers every definition and requisite of a promissory note by the law merchant.

It is not in form a bond, but it is a simple acknowledg-

ment of indebtedness, and a promise to pay a certain sum of money at a time certain, without condition. And that is just what a promissory note is.

It was not the intention or object of the statute to except promissory notes and bills of exchange by name, but to except commercial paper that is negotiable by the law merchant; and the words "promissory notes" and "bills of exchange" were intended to include all negotiable paper, by whatever technical name it might be known.

Municipal bonds of this character have always been held commercial paper by the United States courts, and it never could have been the intention of congress to distinguish between these and ordinary notes and bills, giving jurisdiction in one case and not in the other.

On the other point, that the instrument is not in form negotiable, is not tenable. Though the words "bearer" or "order" are more commonly used to denote an intention to make a note transferable by delivery or indorsement, they are by no means essential, and any other words, evincing such an intent, are equally efficient for such a purpose. The words "or its assignees," used in the instrument, undoubtedly render the note capable of being negotiable, the same as though the words "or order" had been used. They show an intent to render them transferable from person to person. The fact of coupons being annexed for the payment of semi-annual interest running to bearer, these being part and parcel of the bond itself, confirms this view, and evinces a like intent to place the bonds on the market as commercial paper. Indeed, the purpose of their issue being to aid in the construction of a railroad, and to raise money for that purpose, they would be of very little use to effectuate that object if they could not be transferred. See *City of Lexington* v. *Butler*, 14 Wall. 282, 293; *Brainerd* v. *N. Y. & H. R. Co.* 25 N. Y. 496; *Blake* v. *Board Sup'rs S. Co.* 61 Barb. 149; 3 Kent's Com. 77; Story on Notes, (7th Ed.) §§ 43 and 44, and cases cited; Daniels on Negotiable Instruments, § 1046; *Klauber* v. *Biggerstaff*, 47 Wis. 551.

The case of *Gregg* v. *Weston*, 7 Biss. 360, denying the jurisdiction of this court, is not in conflict with this view, as

that case turned upon the construction of the Indiana statute, which provides in effect that unless a note is made payable to order, or bearer, at a particular bank, whatever equity the maker is entitled to against the payer he may assert against any indorser; which means, of course, that a note is not negotiable in that state unless payable to order or bearer at a bank. In such a case it seems quite clear that an indorser could not derive jurisdiction to sue in the United States courts by assignment, as such a note is not negotiable by the law merchant.