## HARDIN *v.* OLSON.

*(Circuit Court, D. Minnesota.* December Term, 1882.)

1. REMOVAL OF CAUSE.

   A cause is not removable from a state to a federal court, if it could not have been originally instituted in the federal court by the plaintiff as assignee of the instrument sued on.

2. NEGOTIABLE INSTRUMENT—UNCERTAINTY IN.

   Where the instrument is uncertain as to amount and time of payment of attorney's fees to be paid in case of suit brought on the note, and uncertain as to the person to whom payable, and dependent on the contingency of the bringing of suit thereon, it is not a negotiable instrument under the laws of Minnesota.

On Motion to Remand.

Suit instituted in the United States court by plaintiff as assignee of the instrument sued on, which was in the form of a negotiable promissory note, except that it contained an agreement by the maker to pay 10 per cent. of the principal as attorney's fees in case suit should be brought upon it. Cause removed to this court on the ground of the citizenship of the parties. Motion to remand on the ground that the instrument is not a promissory note, negotiable by the law-merchant, within the meaning of the first section of the act of congress of March 3, 1875, and therefore not an instrument on which the assignee can sue in this court without showing that the suit might have been maintained here by the assignor.

*James Quirk* and *John M. Gilman,* for plaintiff.

*Collister Bros.* and *Lewis & Leslie,* for defendant.

McCRARY, C. J. The note sued on was executed and made payable in the state of Minnesota, and is therefore to be interpreted according to the laws of that state; and in determining the question as to whether it is to be regarded as a promissory note, negotiable by the law-merchant, within the meaning of the act of congress of March 3, 1875, it is proper to inquire what is the law of the state upon the subject, as determined by its supreme court.

It has been held that a state statute, defining the requisites of a negotiable promissory note, will be followed by a federal court sitting in that state in construing a contract made and to be performed therein. *Green* v. *Weston,* 7 Biss. 360. The same rule should, we think, obtain where the law of the state has been declared by the adjudication of its highest judicial tribunal. The parties are pre-

sumed to have contracted with reference to the law of the state in which their contract was made and to be performed, whether that law has been settled by legislative enactment or by judicial decision.

The question, therefore, is whether the instrument sued on is a negotiable promissory note according to the law of Minnesota. It is not claimed that there is any statute upon the subject, but it is insisted that the question has been decided by the supreme court of the state in the case of *Jones* v. *Radatz*, 27 Minn. 240; [S. C. 6 N. W. Rep. 800.] That was a suit upon a promissory note in the usual form, except that it provided for payment by the maker of "reasonable attorney's fees if suit should be instituted for its collection." It was held not to be a negotiable promissory note, the court saying:

"Stipulations collateral to the obligation, such as relating to security, or to the remedy to enforce the obligation, have been held not to affect the negotiable character of the instrument. But we know of no case which concedes that the fixed character of the obligation may be changed, either by making it uncertain as to amount or time of payment, or person by whom or to whom payable, or by making it depend to any extent on a contingency without depriving the instrument of the negotiability. Certainty in these respects is essential to negotiability."

It is manifest that the instrument sued on in the present case is not a negotiable promissory note within the rule laid down in this decision. The instrument is uncertain as to amount, for the 10 per cent. attorney's fees is only to be paid in case suit is brought upon it; it is, as to the attorney's fees, uncertain as to time of payment, for such fees are only to be paid after suit, which may be brought at any time within the statute of limitations. It is uncertain as to the person to whom payable, because we must presume that payment of attorney's fees is to be made to whomsoever as attorney shall bring suit; and it is uncertain, because it depends upon a contingency, to-wit, the bringing of a suit. It has, it is true, one element of certainty not found in the instrument passed upon by the supreme court of Minnesota: the amount to be paid as attorneys fees is fixed in the present case, while it was left indefinite in that case. But all the other elements of uncertainty remain, and they are sufficient, according to the law as declared by the supreme court of this state, to deprive the instrument of its negotiability. Without, therefore, determining what construction should be given to the instrument sued on, in the absence of any settled rule having the force of law within the state where the contract is made and to be performed, and without reviewing the conflicting authorities upon that question, we think

it proper, in the present case, to follow the decision of the supreme court of Minnesota, and to hold the instrument non-negotiable.

Following the rule laid down in *Berger* v. *County Com'rs*, 2 Mc-Crary, 483, [S. C. 5 FED. REP. 23,] we must also hold that the cause was not removable, because it could not have been originally instituted in this court by the plaintiff as assignee of the instrument sued on.

The motion to remand must be sustained. So ordered.

See note to *Merchants' Nat. Bank* v. *Sevier, ante,* 662, 667.