## Case No. 1,783.

BRADLEY v. LILL.

[4 Biss. 473.][1]

Circuit Court, N. D. Illinois. March Term, 1861.

NEGOTIABLE INSTRUMENTS — NATURE AND REQUISITES—NOTE PAYABLE IN EXCHANGE —COMPUTATION OF EXCHANGE — FEDERAL COURTS — AUTHORITY OF STATE DECISIONS.

1. The fact that a note is made payable in exchange does not prevent its being a promissory note, even though the rate of exchange is not specified.

2. The exchange, like interest, is an incident to the principal sum, and the rate is subject to proof; but when the proof is in, then the amount is a matter of computation.

3. On a commercial question this court is not bound to follow the decisions of the state supreme court, especially when contrary to the opinion of the mercantile community and the general opinion of the profession. Case of Lowe v. Bliss, 24 Ill. 168, disapproved.

[Cited in Edwards v. Davenport, 20 Fed. 763.]

4. The Illinois statute of February 12, 1857, does not apply to a contract where no rate of interest is fixed by agreement.

At law. This was an action [by Henry Bradley against William Lill] upon the following promissory note: "$2,583.51. Chicago, Ill., Sept. 30th, 1859. One year after date, I promise to pay to the order of myself, two thousand five hundred and eighty-three dollars and fifty-one cents in exchange at the office of Messrs. Ashley & Norris, No. 52 Exchange Place, New York. Value received. (Signed) William Lill. (Indorsed) William Lill."

[On demurrer to the declaration] the objection was taken that, being a note made in Illinois, although payable in New York, the note was governed by the act of the legislature of this state of Feb. 12, 1857, though the note did not on its face bear interest. It was also objected that the exchange was an uncertain and indefinite sum, and that a recent decision of the supreme court of this state, Lowe v. Bliss, 24 Ill. 168, rendered it inoperative as a note.

The statute referred to is as follows: "Where any contract or loan shall be made in this state, or between citizens of this state and any other state or country, bearing interest at any rate which was or shall be lawful according to any law of the state of Illinois, it shall and may be lawful to make the amount of principal and interest of such contract or loan payable in any other state or territory of the United States, or in the city of London, in England, and in all such cases such contract or loan shall be deemed and considered as governed by the laws of the State of Illinois, and shall not be affected by the laws of the state or country where the same shall be made payable." 1 Gross' St. c. 54, § 13; Rev. St. 1874, p. 615, § 9.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[Demurrer overruled.]

Davenport & Wilder, for plaintiff.

Scates, McAllister & Jewett, for defendant.

DRUMMOND, District Judge. The statute of Feb. 12th, 1857, does not apply to this case, because that contemplates a case where there was an amount of interest fixed by the agreement of the parties, in which event, if the rate was legal according to the laws of Illinois, the contract might be enforced, notwithstanding the money was made payable in another state or country, and the rate of interest greater than there allowed.

This court has always held that the fact that a note is made payable in exchange, does not prevent its being a promissory note, and with all due respect to the supreme court of this state, I cannot concur in the opinion expressed in the case of Lowe v. Bliss, recently decided. 24 Ill. 168.

An instrument of writing by which A, at Chicago, promised to pay B within a certain time one thousand dollars with the current rate of exchange on New York at maturity, is a promissory note, notwithstanding the rate of exchange was not specified. I admit that under the general law a note must be payable absolutely, in money. In the example given a thousand dollars was the sum payable; the exchange, like interest, was an incident merely to the principal sum, and it was not the less on that account an agreement to pay a fixed sum. If a note be executed in England, payable "with interest," and a suit be brought on it here, the amount of the verdict or judgment is not a mere matter of computation, but proof must be introduced of the rate of interest in England, and the amount of the verdict or judgment, even after the proof is made, is greater or less, depending upon the fact whether the verdict is rendered to-day, next week or next year, the amount of interest increasing regularly by efflux of time; but when the proof is in, and the time established, then the amount becomes a matter of computation. So, when the proof as to exchange is in, and the time fixed, then also the amount is a matter of computation. In the one case the principal amount and the time and rate fixed by evidence, control and determine the aggregate sum, and equally so in the other. If this suit were brought in the courts of this state, being a note payable in New York, the amount for which judgment would be rendered would have been ascertained, not from the face of the note itself, but by evidence before the court or jury of the law of New York as to interest. It would be only when that was done that the amount could become a matter of computation.

This court, therefore, till overruled by the supreme court of the United States, adheres to the view that it has always taken of this

point, that an instrument of this kind is a promissory note. This is a commercial question, and this court is not bound to follow a decision of the supreme court of this state on this branch of the law; the more especially when it is contrary to the opinion of the whole mercantile community, as shown by uniform practice, and contrary also to the general opinion of the profession. Demurrer overruled.

NOTE [from original report.] The decision in the case of Lowe v. Bliss, above referred to, was made by a divided court, and with reference to the statute of Illinois concerning negotiable paper, and was afterward commented upon in the case of Bilderback v. Burlingame, 27 Ill. 338. in which case it was further held, that an instrument admitting a certain sum to be due, which may be paid in merchandise at a fixed price, becomes an absolute money demand, on failure of the payee to deliver the merchandise when it is called for. A note expressed to be payable with current rate of exchange, at the place where it is drawn and is to be discharged, is payable in coin, and there is no rate of exchange connected with it. The words, "with current rate of exchange," in such a note, are without significance. Hill v. Todd, 29 Ill. 101; Clauser v. Stone, Id. 114. Where the note provides "the current rate of exchange to be added," it is not a valid promissory note, even for the principal amount in the note. Philadelphia Bank v. Newkirk, 2 Miles, 442..