## DANIEL JONES *vs.* AUGUST RADATZ and another.

### October 7, 1880.

**Note with Stipulation for Attorney's Fees.**—A note negotiable in form, but which stipulates for payment of reasonable attorney's fees, if suit be instituted for its collection, is not a negotiable note, so as to pass to a purchaser before maturity and without notice, free from defences by the maker.

Appeal by plaintiff from a judgment of the municipal court of St. Paul.

*Edmund R. Hollinshead*, for appellant.

*J. Mainzer* and *C. A. Congdon*, for respondent.

GILFILLAN, C. J.   The plaintiff, claiming to be a *bona fide* holder, brings suit on an instrument in the following form:

"$135.      P. O. St. PAUL, COUNTY OF RAMSEY,
          STATE OF MINNESOTA, September 7, 1878.

. "Three months after date, we, or either of us, promise to pay to H. K. White & Co., or bearer, $135, payable at the Second National Bank of St. Paul, Minnesota, for value received, with 12 per cent. interest per annum, from date, and reasonable attorney's fees, if suit be instituted for the collection of this note."   [Signed.]

The defendants allege that their execution of the instrument was procured through fraud.   The evidence was such as to justify the jury in finding that it was so procured.   The admissibility of this defence as against plaintiff, a purchaser before maturity, for value, and without notice, is the question before us; that is, is the instrument a negotiable promissory note?   It is so unless by reason of the stipulation to pay reasonable attorney's fees in case of suit brought. The decisions have permitted considerable departure from the original simplicity of commercial paper.   Stipulations collateral to the obligation, such as relating to security, or to the remedy to enforce the obligation, have been held not to affect the negotiable character of the instrument.   But we know of no case which concedes that the fixed character of the obligation may be changed, either by making it uncertain as to amount, or time of payment, or person by whom or to whom payable, or by making it depend to any extent on a contingency, without depriving the instrument of the negotiability.   Certainty in these respects is essential to negotiability.

The instrument before us has this certainty as to the $135 and the interest.   But the who'e instrument must be taken together.   The promise to pay the $135 and interest is not the whole of the promise—not the entire obligation created. The entire promise and obligation is to pay absolutely that sum and interest, and in a particular contingency—to wit, the

bringing suit by the payee after default—to pay a further amount not fixed, and not capable of being ascertained from the instrument itself. The suggestion in some of the cases (*Sperry* v. *Horr*, 32 Iowa, 184; *Seaton* v. *Scovill*, 18 Kans. 433) that a stipulation to pay attorney's fees in case of suit relates merely to the remedy, is not sound; for the payee, if he recover on that part of the promise, must recover, not because he is obliged to bring suit, but because it is part of the contract and obligation of the maker, on which the suit is brought, that he will pay them upon the specified contingency. Those cases, and *Gaar* v. *Louisville Banking Co.*, 11 Bush, (Ky.) 180, appear to advance the proposition that an instrument may be negotiable if the amount with which it may be discharged at maturity be fixed and certain, even though the amount required to discharge it after it has passed maturity, or recoverable upon it in an action, be entirely indefinite and uncertain. We think the certainty requisite to the negotiability of the instrument must continue until the obligation is discharged, and that any provision which, before that time, removes such certainty, prevents the instrument being negotiable at all. The stipulation in this instrument for payment of reasonable attorney's fees introduced into the obligation an element of uncertainty, which prevented the instrument being a negotiable note. It was, therefore, after its transfer to plaintiff, still subject to all defences which the maker had as against the original payee.

Judgment affirmed.