FIRST NATIONAL BANK OF BROOKLYN v. K. O. SLETTE and Another.[1]

February 9, 1897.

Nos. 10,347—(270).

Nonnegotiable Instrument.

An instrument in these words:

"$1,673.       Halstad, Minn., July 26th, 1894.

"For value received, we promise to pay to the order of the John Good Cordage & Machine Company the sum of sixteen hundred and seventy-three dollars as follows: Payable by New York or Chicago exchange.

[1] Reported in 69 N. W. 1148.

$560, Nov. 15th, 1894; $560, Dec. 1st, 1894; $560, Dec. 15th, 1894. Without interest, if paid as due; if not, then legal rate from date until paid."— *Held* not negotiable, for it is not payable in money, but by bills of exchange.

Action in the district court for Norman county on a promissory note alleged to have been made by defendants and by the payee before maturity indorsed to plaintiff for a valuable consideration. The answer alleged that the note was given in payment of the price of goods sold by the payee and that there was a breach of warranty and failure of consideration. The court, Ives, J., directed a verdict in favor of plaintiff, and from an order denying a motion for a new trial defendants appealed. Reversed.

*Carmody & Leslie* and *F. H. Peterson*, for appellants.

A note to be negotiable must be an absolute promise for the payment of money. The note in question is not an absolute promise for the payment of money, being payable by New York or Chicago exchange. The holder would not be obliged to accept the amount due on the note in money, if tendered it at maturity of the note. If the tender were in a draft on New York or Chicago for the amount payable, a refusal to accept the tender could be pleaded in a subsequent action on the note. Johns v. Fales, 4 Mass. 245; Irvine v. Lowry, 14 Pet. 293; Daniel, Neg. Inst. §§ 55, 56. See Hastings v. Thompson, 54 Minn. 184, 55 N. W. 968; Hegeler v. Comstock, 1 S. Dak. 138, 45 N. W. 331.

*Calkins & Sharpe*, for respondent.

As to the effect upon the negotiability of a note when exchange is added, see Whittle v. Hide & L. Nat. Bank, 7 Tex. Civ. App. 616, 26 S. W. 1106; Second Nat. Bank v. Basuier, 12 C. C. A. 517, 65 Fed. 58; cases cited in Hastings v. Thompson, supra; Pardee v. Fish, 60 N. Y. 265; Keith v. Jones, 9 John. 120; Judah v. Harris, 19 John. 144; Leiber v. Goodrich, 5 Cow. 186; Thompson v. Sloan, 23 Wend. 77; Merrill v. Hurley, 6 S. Dak. 592, 62 N. W. 958; Smith v. Crane, 33 Minn. 144, 22 N. W. 633; Towne v. Rice, 122 Mass. 67; Crump v. Berdan, 97 Mich. 293, 56 N. W. 559; Hope v. Barker, 43 Mo. App. 632; Russell v. Klink, 53 Mich. 161, 18 N. W. 627; Christian Co. Bank v. Goode, 44 Mo. App. 129.

START, C. J. This action is based upon an obligation, which is substantially in these words:

"$1,673. Halstad, Minn., July 26th, 1894.

"For value received, we promise to pay to the order of the John Good Cordage & Machine Company the sum of sixteen hundred and seventy-three dollars, as follows: Payable by New York or Chicago exchange. $560, Nov. 15th, 1894; $560, Dec. 1st, 1894; $560, Dec. 15th, 1894. Without interest, if paid as due; if not, then legal rate from date until paid."

The only question on this appeal is whether this is a negotiable instrument under the law merchant. It is absolutely essential, in order to constitute a promissory note under the law merchant, that the promise be to pay in money. If this instrument can be construed as an absolute promise to pay in money $1,673, with exchange, it is negotiable; otherwise, not. Hastings v. Thompson, 54 Minn. 184, 55 N. W. 968.

The case of Bradley v. Lill, 4 Biss. 473, Fed. Cas. No. 1,783, is the only one to which our attention has been called, where the language of the instrument was similar to the one under consideration. In the case referred to the note was made in Chicago, and was payable at New York, "in" exchange; and it was held that the note was negotiable, upon the ground that the promise was to pay the sum named in the note, "with" exchange, which was a mere incident to the debt.

In the case at bar the note is not payable at any particular place, and the promise is, not to pay a given number of dollars in money "with"—that is, plus—the current rate of exchange, but it is to pay the sum named in the note by New York or Chicago exchange. The holder of this instrument cannot demand in payment thereof $1,673 in money, plus the cost of exchange; for the maker is not bound to discharge his obligation except by means of inland bills on New York or Chicago. Nor can the maker tender in payment $1,673 in money, with the cost of exchange; for his promise is to make payment by inland bills, which he must purchase in the market. The instrument, then, is not payable in money, and is, therefore, not a promissory note, within the law merchant. Easton v. Hyde, 13 Minn. 83 (90); Jones v. Fales, 4 Mass. 245; Irvine v. Lowry, 14 Pet. 293; 1 Daniel, Neg. Inst. §§ 55, 56; Tied. Com. Paper, § 29; 1 Rand. Com. Paper, § 90. In reaching this conclusion we have not been un-

mindful of the fact that, in commercial usage, bills of exchange are regarded as substitutes for money; but this usage cannot make them such.

Order reversed, and a new trial granted.