JOHN W. CLARK v. CALVIN J. SKEEN *et al.*

**No. 10,096.**   (60 Pac. 327.)

1. PROMISSORY NOTE—*Negotiability.*  A stipulation in an instrument for the payment of a certain sum of money, payable with current exchange on a place other than the place of payment, is not destructive of negotiability.

2. ———— *Negotiability.*  A note for the payment of a certain sum at a fixed date is not rendered non-negotiable by a stipulation that upon default in the payment of interest the whole amount shall become due at the option of the holder and then draw a greater rate of interest.

Error from Barber district court; G. W. McKAY, judge.   Opinion filed March 10, 1900.   Reversed.

STATEMENT.

THIS was an action to recover upon a promissory note for $3000 and the interest coupons attached thereto, executed by Calvin J. Skeen, Sarah C. Skeen, Garlie Lane, and Myron J. Lane, in favor of the Jarvis-Conklin Mortgage Trust Company, and to foreclose a mortgage on real estate in Barber county, given by the same parties to secure the payment of the note.   The following is a copy of the promissory note, omitting signatures and indorsements:

" Five years after date, for value received, we promise to pay to the order of the Jarvis-Conklin Mortgage Trust Company, at its office in Kansas City, Missouri, three thousand ($3000) dollars, lawful money of the United States, with interest thereon at the rate of six per cent. per annum, payable semiannually on the first days of January and July, in each year, according to the tenor and effect of the interest notes of even date herewith and hereto attached.   Both principal and interest payable with New York exchange.   This note is to draw interest from date at the rate of twelve per cent. per annum if either principal or interest re-

main unpaid ten days, after due. At the option of the legal holder, after any of said interest notes remain due and unpaid ten days, the whole of the principal and interest may be declared immediately due and payable. This note is given for an actual loan of the above amount, and is secured by a mortgage deed of even date herewith, which is a first lien on the property therein described. Dated at Kansas City, Mo., ·July 2, 1888.''

The note and interest coupons were duly signed and are alleged to have been indorsed and duly transferred before maturity for a valuable consideration to John W. Clark, the plaintiff in this action. The defendants denied and contested the transfer to and ownership by Clark of the note and mortgage, and also set up a counter-claim for damages alleged to have arisen from the failure of the payee of the note promptly to pay over the proceeds of the loan.

A trial was had with a jury, resulting in a verdict in favor of the defendants. The plaintiff complains, and assigns numerous errors on the rulings made by the trial court.

*Beardsley & Gregory*, for plaintiff in error.

*W. W. S. Snoddy*, and *E. C. Wilcox*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : In the course of the trial the district court, in ruling on the testimony and instructing the jury, held that the note copied in the foregoing statement is not a negotiable instrument, and the determination of this question will dispose of, or render unimportant, a number of other questions discussed by plaintiff in error. The negotiability of the paper appears to have been challenged on two grounds, and

the first is that it contains a stipulation that upon default in the payment of interest the whole amount shall become due and then draw a greater rate of interest. Stipulations like these are not inconsistent with negotiability. According to mercantile law, negotiable paper is required to be certain as to time and amount, but the note in question, as will be observed, fixes a certain time for payment, and the fact that it may become due at an earlier time depends upon the maker himself. Stipulations somewhat similar were contained in the notes and mortgages under consideration in *Holden v. Clark*, 16 Kan. 346, and yet it was held that the paper was negotiable, and that an innocent and *bona fide* purchaser took the same freed from the equities existing between the original parties.

In *Carlon v. Kenealy*, 12 Mees. & Wels. 139, it was held that a note payable in instalments, subject to a condition that upon default being made in the payment of the first instalment the greater amount should become due, is negotiable, and in deciding the case it was said that "almost every note payable in instalments has such a condition. It is not a contingency. It depends upon the act of the maker himself, and on his default it becomes a promissory note for the whole amount." In *Dobbins v. Oberman*, 17 Neb. 163, 22 N. W. 356, the note contained a provision that it should be due at a stated time, and might become due earlier, on the happening of a certain event. The instrument was held negotiable, and in deciding it the court stated : "It matters not, then, that it also contained a promise to pay sooner than the general date of payment, upon the happening of an uncertain event." In *Wilson v. Campbell*, 110 Mich. 580, 68 N. W. 278, 35 L. R. A. 544, it was held that a note for the payment of a certain sum at a fixed date is not

rendered non-negotiable by a provision that it may become due sooner, at the option of the holder, on default in the payment of interest, nor by the fact that a mortgage securing it contains a similar provision in regard to a default in the payment of taxes.

The same question was before the supreme court of the United States in *Chicago Railway Co. v. Merchants' Bank*, 136 U. S. 269, 10 Sup. Ct. 999, 34 L. Ed. 349, where it was held that a recital that the note in suit was one of a series, and that in default of payment of any one of the series the note in suit should become due, did not render the note non-negotiable, the same containing a promise to pay at a certain definite date, at which it became due at all events. See, also, *De Hass v. Roberts*, 59 Fed. 853 ; *Bank of Battle Creek v. Dean*, 86 Iowa, 656, 53 N. W. 338 ; *Walker v. Woollen et al.*, 54 Ind. 164 ; *Cota v. Buck*, 7 Metc. 588 ; *Ernst v. Steckman*, 74 Pa. St. 13 ; *Markey v. Corey*, 108 Mich. 185, 66 N. W. 493, 36 L. R. A. 117 ; Rand. Com. Pap. § 114 ; Dan. Neg. Inst., 4th ed., § 48.

The fact that it was to draw a greater rate of interest after default does not destroy the negotiable quality of the paper. In *Parker v. Plymell*, 23 Kan. 402, the note contained a promise to pay interest after maturity, but stipulated that if the note was not paid at maturity the same should bear interest at twelve per cent. from date, and it was held that this provision did not render the note non-negotiable. *Gilmore v. Hirst*, 56 Kan. 626, 44 Pac. 603, was a case where the note contained a stipulation that if the interest was not paid when due it should become principal and draw eight per cent. interest, and it was held that the stipulation for the payment of interest on interest did not render the note non-negotiable. See,

also, *De Hass v. Roberts*, supra ; *Hope v. Barker*, 112 Mo. 338, 20 S. W. 567.

The second ground of attack upon the negotiability of the note is that it was made payable with New York exchange. There is considerable division of judicial opinion as to the effect of such a stipulation, but we are better satisfied with those authorities holding that it is not destructive of negotiability. It is a general rule that one of the essential qualities of commercial paper is that the amount to be paid must be fixed and certain, and the reason for this rule is that parties to such paper may know the amount necessary to discharge it. The spirit of the rule requiring precision, however, applies rather to the principal amount than to incidental additions of interest or exchange. In *Seaton v. Scovill*, 18 Kan. 433, this court held that a note otherwise negotiable was not rendered non-negotiable by a stipulation to pay costs of collection, including reasonable attorney's fees. Although that stipulation is not analogous to the one we are considering, some of the courts place it on the same footing with a provision for the payment of exchange, and hold that both of them introduce such an element of uncertainty as to deprive the instrument of the negotiable attribute. In discussing the effect of such a stipulation, Daniel, in his work on Negotiable Instruments, 4th ed., section 54*a*, says :

"Instruments payable with exchange have been generally treated as commercial instruments by the business world and the courts ; that a fair construction of the statute of Anne, upon which many of the modern statutes are modeled, and which has been deemed by some of the courts only declaratory of the common law, does not necessarily impeach as a note an instrument so payable ; and that the spirit of the rule requiring precision in the amount of negotiable in-

struments applies rather to principal amount than to the ancillary and incidental additions of interest or exchange.''

The current rate of exchange between two places at a particular time may be said to be a matter of common knowledge, or at least easily ascertainable by any one.   However, the exchange may be treated as incidental to the principal amount, and as the means of transmitting the amount due to the payee.   In *Bullock v. Taylor*, 39 Mich. 137, Judge Cooley, in discussing the matter of the payment of exchange or express, said :

''By the agreement as well as by the terms of the notes, they were made payable at East Saginaw, and it therefore became the duty of the promisors to be at any expense necessary in the transmission of the money to that place.   Whether they sent by draft or by express the expense would equally fall upon them, and an express promise to pay it could add nothing to their liability.''

In *Morgan v. Edwards and another*, 53 Wis. 609, 11 N. W. 23, it was said :

''A note is payable in lawful money of the United States, which is at par in every portion of the country. If a note is made payable in Milwaukee, with exchange on New York, it requires precisely the same sum of money to pay it as would be required had it been made payable in New York.   The exchange is the cost of drawing a bill and transmitting the money to New York to meet it.   In *Leggett v. Jones* the note was payable at the Dodge County Bank, with exchange on New York.   Had the note been payable in. New York, no one would claim that there was any uncertainty in the amount, although the maker would necessarily have been subjected to the expense, uncertain in amount, of providing funds there to meet it.   It is precisely that expense which constitutes and governs the cost of exchange.   Hence, the same sum

of money which would have been required to pay the note in New York, would have paid it at the Dodge County Bank, including the exchange, according to its terms. . . . Hence it may well be said that the uncertainty in the amount due on a note which stipulates for the payment of exchange between two points, is rather apparent than real and substantial." ( See, also, *Smith v. Kendall*, 9 Mich. 242; *Johnson v. Frisbie*, 15 id. 286; *Bradley v. Lill*, 4 Biss. 473, Fed. Cas. No. 1783; *Hastings v. Thompson*, 54 Minn. 184, 55 N. W. 968, 21 L. R. A. 178; *Hill v. Todd*, 29 Ill. 101; *Whittle v. Bank*, 26 S. W. [Tex. Civ. App.] 1106; *Orr v. Hopkins*, 3 N. M. 25, 183, 1 Pac. 181; *Leggett v. Jones*, 10 Wis. 35.)

In Randolph on Commercial Paper, section 200, in speaking of the provision for exchange, it is said that "such a provision is valid if it is not used as a subterfuge to evade the usury laws." See, also, Tiedeman on Commercial Paper, section 28a, and Daniel on Negotiable Instruments, section 54.

Our conclusion is that the note in question is negotiable, and, in answer to some of the points raised in the case, it may be said that the possession of such a note properly indorsed is *prima facie* evidence that the holder is the owner thereof; that he acquired it in good faith for value, in the usual course of business, before maturity, and without notice of any circumstance that would impeach its validity; and where the defendant, who is the maker of the note, claims that the plaintiff does not so hold it, the burden is upon him to prove his claim. (*Mann v. National Bank*, 34 Kan. 746, 10 Pac. 150; *National Bank v. Emmitt*, 52 id. 603, 35 Pac. 213; 4 A. & E. Encycl. of L., 2d ed., 318.)

There is some criticism of other instructions, but as the note is held to be negotiable the questions are not

likely to arise upon another trial; and the same is true as to rulings upon the testimony.

The judgment will be reversed and the cause remanded for a new trial.