D. C. SMITH and Others v. FIRST STATE BANK OF TYLER.[1]

July 28, 1905.

Nos. 14,364—(140).

**Promissory Note.**

An instrument in the general form of a promissory note, whereby the maker promises to pay a definite sum, with exchange and collection charges, is not a promissory note.

**Indorsement.**

The indorsement of such an instrument by the payee does not create the liability which follows from the indorsement of negotiable paper. Helfer v. Alden, 3 Minn. 232 (332), and Hart v. Eastman, 7 Minn. 50 (74), distinguished.

1 Reported in 104 N. W. 369.

Appeal by plaintiffs from an order of the district court for Lincoln county, Webber, J., denying a motion for a new trial. Affirmed.

*Wilson & Mercer,* for appellants.

*Virgil B. Seward,* for respondent.

START, C. J.

Action to recover damages for the defendant's failure to protest an alleged promissory note. The trial court, when the plaintiffs rested, granted the defendant's motion to dismiss the action, and the plaintiffs appealed from an order denying their motion for a new trial.

The instrument here in question is in the words following, namely:

Arco, Minn., June 21st, 1902.

Nov. 1st after date for value received we promise to pay Smith & Zimmer, or order, the sum of Four Hundred thirty-five Dollars, with exchange and collection charges at First State Bank of Tyler, Minn., with interest from Mat. at the rate of eight per annum until paid.

Pederson Bros.

This obligation was sold and indorsed by the payees thereof to the plaintiffs before maturity, who sent it to the defendant for collection and protest if not paid when due. It was not so paid, nor was it protested. The makers are insolvent, and this action was brought to recover the amount of the note from the defendant. The basis of the decision of the trial court was to the effect that the instrument was not a promissory note, and the plaintiffs lost nothing by the failure of the defendant to protest it.

The sole question for our decision is whether the instrument is a promissory note, for if it be not, the rules of the law merchant concerning notice and protest do not apply, and the plaintiffs lost nothing by the defendant's failure to protest it. 2 Daniel, Neg. Inst. § 970; 4 Am. & Eng. Enc. (2d. Ed.) 403. A promissory note is an unconditional promise in writing for the payment of a certain sum of money. It is an essential condition of a promissory note that there be no uncertainty as to the amount it calls for at any particular time. If the promise be to pay a stated sum, plus or minus an indefinite amount, it is not a promissory note. Loring v. Anderson, supra, page 101.

95 M.—32

Another form of the question, then, is whether the amount called for by this instrument is definite and certain. It calls for the payment of $435, plus exchange and collection charges at a certain bank. It is to be noted that the instrument does not call for the payment of the collection charges of the bank, but the principal sum, exchange, and collection charges are to be paid at the bank. Or in other words, by the terms of the contract the holders of the instrument or their agent could have presented it at maturity to the bank, and demanded payment thereon not only of the principal sum and exchange, but their collection charges. How much? By whom and how shall the question be determined? In the case of Jones v. Radatz, 27 Minn. 240, 6 N. W. 800, it was held that a note negotiable in form, whereby the maker promised to pay a definite sum of money and reasonable attorney's fees, was uncertain as to the amount of money to be paid, and hence it was not negotiable; that is, it was not a promissory note.

In the case of Hastings v. Thompson, 54 Minn. 184, 55 N. W. 968, the written instruments upon which the action was based were in the form of promissory notes, and called for the payment of a specific sum of money, with current exchange on New York City.. The action was by an indorsee of the notes before maturity. The answer stated a good defense to the instruments in the hands of the indorsee if they were not promissory notes. The opinion of the court was given by Justice Mitchell, who said: "The only point raised on this appeal is whether the instruments sued on are promissory notes, for, if they are, they are unquestionably negotiable under the law merchant * * * Upon examination of the reports and text-books, it is surprising how little direct authority of any value is to be found as to the effect of the addition of such a provision to an instrument for the payment of money. Daniel, Randolph, and Tiedeman state in general that such a provision does not affect the commercial or negotiable character of the paper, but none of them discuss it at any length, and all of them treat of the question as if it only went to the negotiability of the instruments, whereas the real question lies back of that, and is whether they are promissory notes or bills of exchange at all." The court held that the instruments were promissory notes, and therefore negotiable. The reason given for this conclusion was that the amount called for by the notes was not made uncertain by the stipulation to pay exchange, because the rate

of exchange was a matter of commercial knowledge or easily ascertainable.

Whether or not this conclusion is in accordance with the weight of authority we need not stop to inquire, for it must now be accepted as the law of this state. It may, however, be suggested that it is in some respects a departure, for practical reasons, from the original rule, that one of the essential qualities of a promissory note is that the amount to be paid must be definitely fixed, and ascertainable from the face of the paper, without the necessity of resorting to any extrinsic evidence, and that for this reason the doctrine of the case ought not to be extended.

If the only element of uncertainty in the instrument here in question was the promise to pay exchange, it would necessarily follow, from the decision in the case of Hastings v. Thompson, that it was a promissory note; but such is not the case, for the promise to pay collection charges introduces an additional element, of undoubted uncertainty. This promise to pay collection charges is quite as uncertain as a promise to pay reasonable attorney's fees, for what a collector may lawfully charge in a given case cannot readily or definitely be ascertained, for it depends upon no uniform rule or practice, and is more or less under the control of the holder of the instrument. This case, then, is ruled by that of Jones v. Radatz, and not by Hastings v. Thompson; and we therefore hold that the instrument here in question is not a promissory note, and hence it is not a negotiable instrument, for the reason that the sum of money to be paid is uncertain. See First Nat. Bank v. Slette, 67 Minn. 425, 69 N. W. 1148, in which it was held that an instrument in the general form of a promissory note, but made payable in New York or Chicago exchange, was not a promissory note, because not payable in money, and therefore it was not negotiable.

It is claimed, however, by the plaintiffs, that, if the instrument here in question be not negotiable paper, yet its indorsement by the payees operated as a bill of exchange drawn on the makers for the amount thereof, to which the rules of the law merchant concerning protest and notice would apply. The cases of Helfer v. Alden, 3 Minn. 232 (332), and Hart v. Eastman, 7 Minn. 50 (74), are relied upon in support of this proposition. The action in the first case cited was based upon an instrument made by the regents of the University of Minnesota, which was in form a negotiable promissory note, whereby the makers prom-

ised to pay to the order of the payees a definite and certain sum of money, absolutely and at all events. There was attached to the note the official seal of the makers, and for this reason it was held to be non-negotiable. It was, however, stated in the opinion that the indorsement of such a note by the payee thereof, as between him and his immediate indorsee, operates as a drawing of a bill of exchange for the amount of the note on the maker in favor of such indorsee, and that, between the parties to such an indorsement, it ordinarily creates the same obligations as the indorsement of a negotiable promissory note. In the second case cited (Hart v. Eastman) the notes were also made by the regents of the university, and each note called for the payment of a definite and certain sum, and was in the form of a negotiable promissory note, but it was not negotiable, by reason of certain provisions in the charter of the university. It was held (following Helfer v. Alden) that the indorsement of the notes, although not negotiable, operated, as between the indorser and his immediate indorsee, as the drawing of a bill of exchange for the amount of the note, and the indorser was liable on his indorsement, but was entitled to notice of nonpayment of the notes, which after such indorsement were, in legal effect, bills of exchange.

It is clear that these cases are not here in point, for the instrument in each case was, in its form and terms, a promissory note, but nonnegotiable, by reason of some extrinsic matter. Therefore, when the notes were indorsed by the payees, they were, as to him, in legal effect, negotiable bills of exchange, because the amount for which they were drawn was in each case certain on the face of the instrument. Or in other words, they were, before indorsement, nonnegotiable promissory notes. See 1 Daniel, Neg. Inst. § 664. But in this case the instrument is not definite as to the amount to be paid, but obviously uncertain. Bills of exchange are governed by the same rules with respect to certainty in their terms as promissory notes, and they must be drawn for a definite and certain sum of money. It follows that when the instrument in this case was indorsed by the payees the uncertainty as to the sum of money to be paid thereon was in no manner made certain, and that for this reason its indorsement could not operate as a bill of exchange. It was therefore neither a promissory note nor a bill of exchange, but a contract, the indorsement of which did not create the lia-

bility which results from the indorsement of negotiable instruments. Easton v. Hyde, 13 Minn. 83 (90).

The case last cited was an action by an indorsee against indorsers, who were the payees in an instrument in these words:

Certificate of deposit, July 14, 1864.

Hyde & Broughton have deposited in this office five hundred and thirty-five and $^{75}/_{100}$ dollars in treasury notes to the credit of themselves and payable to their order hereon in United States six per cent. interest bearing bonds.

It was conceded by the court, for the purposes of the case, that a certificate of deposit is in legal effect a promissory note, and that the liability of an indorser is the same, whether the note is negotiable or nonnegotiable. The instrument, however, was held to be a contract, and not a promissory note, on the sole ground that it was not payable in money, and that for this reason the indorsers were not liable. It is clear that the decision in this case is opposed to the rule of Helfer v. Alden and Hart v. Eastman, if it be construed as applicable to instruments which are not promissory notes, for the reason that they are not payable in money, or are uncertain as to the sum of money to be paid. On the other hand, if the earlier cases, as we hold, apply to instruments in the general form of promissory notes, which are payable in money, and are certain as to the amount thereof, the three cases are in harmony.

We therefore hold that the instrument here in question is not a promissory note, but a contract for the payment of money, and that the indorsement thereof by the payees did not create the liability which follows from the indorsement of negotiable instruments.

Order affirmed.