AMERICAN MACHINERY AND EXPORT COMPANY *v.* DRUGE BROTHERS.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 12, 1909.

*Bills and Notes—Agreement to Pay Attorney's Fees—Effect on Negotiability.*

An agreement in a promissory note to pay counsel fees if it is collected by an attorney makes it non-negotiable.

ASSUMPSIT by an indorsee against the makers of a promissory note. Plea, the general issue with notice. Trial by jury at the December Term, 1908, Orange County, *Miles,* J., presiding. Verdict directed for the defendants, and judgment thereon. The plaintiff excepted. The opinion states the case.

*March M. Wilson* for the plaintiff.

This is the first case in this State to raise the question as to the effect on negotiability of an agreement in a promissory note to pay counsel fees. The conflict of authority on this question is very marked. See note to *Bowie* v. *Hall*, 1 L. R. A. 547.

*Darling & Wilson* for the defendants.

The stipulation for "counsel fees if collected by an attorney" makes the note non-negotiable. *Harden* v. *Olsen*, 14 Fed. 705; *Kendall* v. *Parker*, 103 Cal. 319, 42 Am. St. Rep. 117; *Chase* v. *Whitmore*, 68 Cal. 545; *Garretson* v. *Purdy*, 3 Dak. 178; *Fertilizing Co.* v. *Newman*, 60 Md. 584; *Altman* v. *Rittershafer*, 68 Mich, 267, 13 Am. St. Rep. 341; *Altman* v. *Fowler*, 70 Mich. 57; *Brewing Co.* v. *McKittrick*, 86 Mich. 191; *Jones* v. *Radatz*, 27 Minn. 240; *Trenton Bank* v. *Gay*, 63 Mo. 33; *Bank* v. *Bynum*, 84 N. Car. 24, 37 Am. Rep. 604; *Decorah Nat. Bank* v. *Laughlin*, 4 N. Dak. 391; *Woods* v. *North*, 84 Pa. St. 407, 24 Am. Rep. 201; *Johnston* v. *Speer*, 92 Pa. St. 227, 37 Am. Rep. 675; *Carroll Co. Sav. Bank* v. *Strather*, 28 Car. 504; *Stillwater Bank* v. *Larsen*, 60 Wis. 206; *Witherspoon* v. *Musselman*, 14 Bush. 214, 29 Am. Rep. 404; *State* v. *Taylor*, 10 Ohio 378; *Dow* v. *Updike*, 11 Neb. 97; *Merchants Bank* v. *Sevier*, 14 Fed. 662; *Boozer* v. *Anderson*, 42 Ark. 167; *Rixey* v. *Pearre*, 89 Va. 113; *Shelton* v. *Gill*, 11 Ohio 378.

HASELTON, J. The declaration is special assumpsit. The plaintiff is the alleged indorsee of what is claimed to be a promissory note executed by the defendants. At the close of the evidence in the case the defendants made a motion for a verdict in their favor, based on eight grounds. The motion was granted; a verdict was directed for the defendants, and judgment thereon was rendered. The plaintiff excepted.

In one clause of the writing in question there was a promise to pay "counsel fees if collected by an attorney." One ground of the motion for a verdict was that because of the clause referred to the instrument is not negotiable paper, and that so the indorsee could not maintain this action. It is elementary that a negotiable promissory note must be plain, direct and certain. In a case to which counsel have called our attention such an

agreement as this has been well characterized by the Supreme Court of Pennsylvania as "luggage, which commercial paper, riding as it does on the wings of the wind, is a courier unable to carry." The case referred to and a few of the others holding the same thing are here mentioned. *Wood* v. *North,* 84 Penn. St. 407, 24 Am. Rep. 201; *Roads* v. *Webb,* 91 Me. 406, 64 Am. St. Rep. 246, 40 Atl. 128; *Maryland etc. Co.* v. *Newman,* 60 Md. 584, 45 Am. Rep. 750; *Altman* v. *Rittershoffer,* 68 Mich. 287, 13 Am. St. Rep. 341, 36 N. W. 74; *First National Bank* v. *Gay,* 63 Mo. 33, 21 Am. Rep. 430; *Smith* v. *First State Bank,* 95 Minn. 496, 104 N. W. 369; *First National Bank* v. *Bynum,* 84 N. C. 24, 37 Am. Rep. 604; *First National Bank* v. *Larsen,* 60 Wis. 206, 50 Am. Rep. 365, 19 N. W. 67.

The courts of several states take different and varying views of the matter. Cases from the courts last referred to are sufficiently commented on in the cases cited above. It is the view of this Court that by the well settled and applicable principles of the law merchant the introduction, into what would otherwise be a negotiable instrument, of such an aleatory provision as that under consideration, prevents the instrument from having one of the distinctive and necessary attributes of negotiable paper.

Since the motion of the defendant for a verdict necessarily prevailed on the ground considered, the other seven grounds of the motion need not be noticed.

*Judgment affirmed.*