## FARMERS STATE BANK OF ROCKWELL, IOWA v. SEBASTIAN WALCH.[1]

June 9, 1916.

Nos. 19,732—(128).

**Foreign statutes—no presumption in absence of proof.**

1. The courts of this state do not take judicial notice of the statutes of a sister state, and in the absence of pleading and proof there is no presumption that the statutory law of a sister state is the same as that of the forum.

**Presumption as to common law of another state.**

2. In the absence of proof it will be presumed that the common law of a sister state is the same as our own.

**Judgment notwithstanding verdict—defects in evidence remediable.**

3. Judgment notwithstanding the verdict will not be ordered, where it appears probable from the record that the defendant has a good defense and can supply the defects in the evidence on another trial.

Action in the district court for Hennepin county to recover $1,600 upon the instrument quoted in the opinion. The defense set up in the answer is stated in the opinion. The case was tried before Steele, J., who at the close of the trial denied separate motions for directed verdicts, and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed with leave to plaintiff to move for a new trial.

*Arthur M. Higgins,* for appellant.

*Williams & Breece,* and *A. D. Evans,* for respondent.

[1]Reported in 158 N. W. 253.

Note.—For cases passing on the question of power of court to take judicial notice of law of another state or county, see note in 67 L.R.A. 33.

As to effect of presumption as to law of other state or county, see note in 21 L.R.A. 71, 472. And as to presumption in favor of common law when law of other state not proved, see note in 34 L.R.A.(N.S.) 270.

On the question of right to judgment non obstante veredicto because of failure of proof, see note in 21 L.R.A.(N.S.) 1021.

SCHALLER, J.

On October 8, 1913, at Rockwell, Iowa, plaintiff, in the usual course of business for a valuable consideration without notice and before maturity, purchased from the Colby Motor Company the instrument hereinafter set out, which was duly indorsed and assigned to it by the payee.

"Mason City, Iowa, September 23, 1913.  No. 18118.

"One year after date for value received I promise to pay Colby Motor Company or order $1,600.00 Sixteen Hundred and no-100 Dollars, with interest at the rate of eight per cent per annum, payable annually at The First National Bank of Mason City.  Should any of the principal or interest not be paid when due, it shall bear interest at the rate of eight per cent per annum, payable annually, and a failure to pay any of said interest within ten days after due, causes the whole note to become due and collectible at once.  It is also stipulated that should suit be instituted for the collection of this note by law, a reasonable amount shall be allowed as attorney's fee and taxed as a part of the judgment cost in the cause.  And the makers, endorsers and guarantors hereby expressly agree and consent that if suit be brought on this note before any justice of the peace, that he shall exercise full and complete jurisdiction in the case to any amount not exceeding three hundred dollars.  The makers, endorsers and guarantors of this note hereby severally waive presentment, notice of nonpayment, protest, and notice of protest, and consent that time of payment may be extended without notice thereof.

(Signed) "SEBASTIAN WALCH.

"*Due* ..............
"P. O..........."

The instrument not having been paid at maturity, plaintiff brought this action to recover the sum of $1,600 with interest, costs and disbursements.

Defendant answered that the note with others was given to the Colby Motor Company to secure the performance of an agreement between the company and third parties to purchase $20,000 of the company's stock, the purchasers to pay for the same out of the earnings of an agency for the company's automobiles to be conducted by them; that the agency was established, but was thereafter discontinued because of the failure of the

company to fill orders for cars and finally by reason of the insolvency of the company, and that there was no other consideration for the notes.

On the trial defendant introduced evidence tending in some degree to prove the material allegations of the defense. The cause was tried to a jury which found for the defendant. Plaintiff made a blended motion for judgment notwithstanding the verdict or for a new trial. The court ordered judgment to be entered for the plaintiff for the full amount claimed. Judgment was accordingly entered. Defendant appeals.

1. The instrument upon which this action is based, so far as the evidence discloses, is an Iowa contract. The statutes of that state were not introduced in evidence. Under the provisions of section 2, c. 272, p. 373, Laws 1913 (G. S. 1913, § 5814), it would probably be a negotiable promissory note if executed in this state. Before the Negotiable Instruments Act was passed, such a contract was held under the common law of this state to be nonnegotiable. Jones v. Radatz, 27 Minn. 240, 6 N. W. 800; Smith v. First State Bank of Tyler, 95 Minn. 496, 104 N. W. 369.

We are asked to either presume that the statutory law of Iowa is the same as our own or to take judicial notice thereof, but "there is no presumption that the statutory law of a sister state is the same as our own" (Pardoe v. Merritt, 75 Minn. 12, 77 N. W. 552), nor can we take judicial notice of the statutory law of a sister state. 1 Dunnell, Minn. Dig. § 3453; Dunnell, Minn. Dig. 1916 Supp. § 3453; Culver v. Johnson, 131 Minn. 75, 154 N. W. 739.

2. There is a presumption, however, that the common law of a sister state is the same as our own. It is said: "In the absence of a pleading, or evidence to the contrary, the common law of a sister state is presumed to be the same as in the state of the forum." Crandall v. Great Northern Ry. Co. 83 Minn. 190, 86 N. W. 10, 85 Am. St. 458; Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L.R.A.(N.S.) 938; Headline v. Great Northern Ry. Co. 113 Minn. 74, 128 N. W. 1115. So that on the facts of this case as disclosed by the record, the writing was not a negotiable instrument in Iowa, and was open to the same defenses as if this action had been brought by the Colby Motor Company.

3. The evidence offered by the defendant is not convincing on the issues of fraud or deceit. It is doubtful on the question whether the note in suit is one of the surety notes. There is, however, a probability that

sufficient evidence will be available on a new trial to supply these deficiencies. We are not persuaded that this is a case in which judgment should be ordered notwithstanding the verdict. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; 2 Dunnell, Minn. Dig. § 5082, and cases cited.

Judgment reversed with leave to plaintiff to renew its motion for a new trial. Wessel v. Gigrich, 106 Minn. 467, 119 N. W. 242.