## A. A. LUMPKIN v. FRED LUTGENS.[1]

### June 20, 1919.

### No. 21,312.

**Bills and notes — good faith of purchaser — verdict sustained.**

In an action on a promissory note by a purchaser before maturity, the fact that interest due annually was to his knowledge unpaid for a number of years, was a circumstance against his claim of good faith in purchasing; and that with other circumstances mentioned in the opinion sustains the verdict of the jury for the defendant.

Action in the district court for Rock county to recover $1,600 and interest upon a promissory note and attorney's fees. The answer alleged that the note was obtained through fraudulent representations. The facts are stated in the opinion. The case was tried before Nelson, J., who at the close of the testimony denied plaintiff's motion for a directed verdict for $2,000 and interest, and a jury which returned a verdict in

[1]Reported in 172 N. W. 893.

favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*M. W. Chunn,* for appellant.

*C. H. Christopherson,* for respondent.

DIBELL, J.

Action on a promissory note by the assignee thereof. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

On June 9, 1911, the defendant Lutgens made his note to a copartnership operating under the name of the American-Canadian Land Company, for $1,600, due on or before five years after date, payable at the company's office at Cedar Rapids, Iowa, "with interest at the rate of six per cent per annum, payable annually from date." Some time in 1911 the note was indorsed to Roach, and on June 3, 1916, he sold and indorsed it to the plaintiff for $2,000.

It was stipulated that the note was given under such circumstances of fraud that the defendant had a defense against the payee, and that the plaintiff could recover only upon proof that he was a bona fide purchaser. The record does not present the question whether Roach was an innocent holder, through whom the plaintiff could acquire a right of recovery without proof of his own bona fides.

The land company was promoting the sale and settlement of lands in the Panhandle district of Texas. It had an office at Amarillo, Texas. The plaintiff and Roach lived there. The plaintiff was a lawyer. He was not engaged in the buying of notes, though occasionally he bought one. He knew that the land company had been dealing in Panhandle lands, settling them with immigrants from the north, that they had had some financial trouble, and that they ceased doing business several years before. He had had one or two actions against the company to foreclose vendor's lien notes on Panhandle lands. The note on its face suggested that it was given in a land transaction. He was acquainted with the men who composed the company. None of the annual interest payments had been made. There were four due when he bought, and another would become due in six days. He knew it. The testimony of the plaintiff was entirely frank and straightforward. Under the facts stated

the note was considerably in disgrace when it came to him.   The fact that interest was four years' overdue was a circumstance against it. First Nat. Bank v. Slette, 67 Minn. 425, 69 N. W. 1148, 64 Am. St. 429; National Bank of N. A. v. Kirby, 108 Mass. 497; McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, 44 L.R.A.(N.S.) 395; Park v. Buxton, 10 Ga. App. 356, 73 S. E. 557; Merchants Nat. Bank v. Brisch, 154 Mo. App. 631, 136 S. W. 28; Trask v. Jacksonville, etc., R. Co. 124 U. S. 515, 8 Sup. Ct. 574, 31 L. ed. 521.   The verdict is sustained.

In First Nat. Bank v. Slette, 67 Minn. 425, 69 N. W. 1148, 64 Ann. St. 429, it is held that overdue interest of itself makes a note nonnegotiable, following First Nat. Bank of St. Paul v. County Commrs. Scott County, 14 Minn. 59 (77), which was a suit on bonds to which unpaid interest coupons were attached.   This holding is not in accord with the weight of authority.   There is sufficient reason to sustain it as well as the opposite one.   In view of the fact that most of the states have adopted the uniform negotiable instrument act, as has Minnesota, and the desirability of uniform holdings, we put our decision upon the ground that the evidence, considering the question as one of fact, upon which theory it was tried below, sustains the verdict, and we make no intimation that the rule stated should or should not apply.

Order affirmed.