## PHILADELPHIA BANK v. NEWKIRK.

December 19, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

Action endorsee v. endorser, on a written promise for the payment to A. or order, at the Bank of the State of Missouri of $———, "current rate of exchange to be added:" *Held*, plaintiff could not recover on this as a promissory note.

THIS was an action brought by the Philadelphia Bank against Garret Newkirk and Stephen S. Newkirk, copartners in trade under the firm of G. Newkirk & Son, to September term, 1840, No. 1133.   The plaintiffs filed the following copy of a promissory note, on which the suit was brought.

" $2111 98.

"Philadelphia, 13th March, 1839.

" Twelve months after date, we promise to pay to the order of Heberton and Hibler, twenty-one hundred and eleven dollars ninety-eight cents, without defalcation, for value received; payable at the Bank of the State of Missouri at St. Louis, (current rate of exchange to be added.)

" No. 1009.

(Signed)        BAIRD & FARRELL.
(Endorsed)   HEBERTON & HIBLER.
G. NEWKIRK & SON."

The defendants filed the following affidavit of defence.

" Garret Newkirk, a defendant in the above case, being duly sworn, deposes and says he has good and sufficient defence to the above action.   That the note on which the above suit is

[Philadelphia Bank v. Newkirk.]

brought, was sent by the Philadelphia Bank for collection to the Bank of the State of Missouri, which institution had ordered that all bills or drafts deposited in its hands for collection, would be required to be paid in specie or its own notes. Notice was given to the plaintiffs of this order, and they agreed to withdraw the note from the Bank of the State of Missouri, and deposit it in another institution which received in payment the currency of the place, with the difference of exchange added; notwithstanding the note was suffered to remain in the Bank of the State of Missouri.

" At maturity of the note the currency of the place, with exchange added, was tendered in payment and refused. The neglect therefore of the plaintiffs to perform their stipulation was the cause of the non-payment of the note.

" Further, the plaintiffs have no right of action against the defendants as endorsers, the note not being a negotiable instrument, as the sum for which it is drawn is not clearly expressed in the body of it, but it is uncertain and contingent, it being stipulated in the body of the note that the current rate of exchange is to be added. And further that payment in part has been made to the plaintiffs on said note, for which there appears no credit on the record."

The plaintiffs obtained this rule to show cause.

*T. L. Smith* for plaintiff.
*Dallas*, for defendants.

Per Curiam.—One objection is stated in the affidavit of defence, which is a sufficient reason why judgment should be refused. The plaintiffs sue on this as a promissory note. Now to constitute a promissory note, the instrument on its face must be for the payment of a sum certain, not susceptible of contingent or indefinite additions, nor subject to indefinite or contingent deductions. In this instance, the " current rate of exchange to be added," is clearly indefinite. See 2 *Stark.* 375; 4 *Ba. & Ad.* 619; 4 *B. Moore* 471.

Rule discharged.