FARWELL IMPLEADED WITH FARWELL & FAY v. KENNETT
WHITE & KENNETT.

SEPT. TERM,
1842.

Farwell impleaded with Farwell & Fay v. Kennett, White & Kennett.

1. A bill drawn payable "in currency," is not a bill of exchange within the meaning of our statute concerning "bills of exchange," consequently the holder is not entitled to the damages allowed by the statute, in cases of dishonored bills.

2. The courts will judicially take notice, in what light the medium or subject matter of payment of a note or bill is regarded in common understanding; and where a bill or note is made payable in "*currency*," the value of the "currency," at the time of payment, must be ascertained in the same manner as the value of any other commodity: therefore, where a bill was drawn for "two thousand dollars in currency," and protested for non-payment, it was held, that the holder could only recover the specie value of current bank notes of the nominal amount of two thousand dollars.

Appeal from St. Louis Court of Common Pleas.

CROCKETT for Appellant.

*Opinion of the Court, delivered by* Scott, *Judge.*

This was an action brought by the appellee against the appellant, on the following instrument:

GALENA, Nov. 26, 1841.

Messsrs. L. & A. G Farwell, & Co.

Four months after the date hereof, pay to the order of Henry Convith, two thousand dollars, in currency, for value received.

A. CONVITH, & Co.

This order was directed to L. & A. G. Farwell, & Co., at St. Louis, and accepted by them, and was afterwards endorsed by the payee to the appellees. The appellant was a member of the firm of L. & A. G. Farwell, & Co. A judgment by default was taken against the appellant, and the damages were ascertained by the court without a jury. The court allowed damages as in cases of dishonored bills of exchange. The appellant moved in arrest of judgment, and to set aside the verdict, for the reasons that the court regarded the instrument sued on as a bill of exchange, and allowed damages accordingly; and because the court itself as-

SEPT. TERM.
1842.

Farwell im-
pleaded with
Farwell &
Fay v. Ken-
nett, White &
Kennett.

A bill drawn
payable "in
currency," is
not a bill of
exchange
within the
meaning of
our statute
concerning
"bills of ex-
change," con-
sequently the
holder is not
entitled to the
damages al-
lowed by the
statute, in
cases of dis-
honored bills.

sessed the damages, instead of awarding a writ of enquiry. The record presents the question, whether a bill drawn payable in currency, is such an instrument as entitles the holder to the damages allowed by our statute to the payees of bills of exchange, in the event of their being dishonored. There is no doubt about the general principle, that a bill of exchange, or negotiable promissory note, must be for the payment of money in specie; Bayley 10, Chitty 182.

In order to show that the instrument declared on is a bill of exchange in the contemplation of our statute, reference has been made to the case of Judah v. Harris, 19th, J. R., 144, in which it was held, that a promissory note, payable in bank notes, current in the city of New York, was a negotiable note. In support of this opinion, the court refers to a previous case in the same court, in which it was held, that a note payable in York State bills, or specie, was negotiable; 9 John. 120. In this last case the court cites, with approbation, an observation of Lord Mansfield in the case of Miller v. Reed, 1 Bur., 457, that these notes are not like bills of exchange, mere securities or documents for debts, nor are so esteemed; but are treated as money in the ordinary course and transactions of business by the general consent of mankind, and in payment of them when a receipt is required: the receipts are always given as for money, not as for securities or notes.

In both the cases cited from Johnson, the court takes judicial notice, that in common usage and common understanding, the notes and bills mentioned in them were regarded as cash; and it is because they were so regarded, that the notes in those cases were held to be negotiable.

In the case of Jones v. Fales, 4 Mass., the court remarked, "It is the common sense of the people and must be our understanding, that when the word bills is used as a subject or medium of payment, the parties intend bank notes of some description." The case of Lampton v. Haggard, 3rd. Mon. advances the like doctrine; and it is there observed, that the propriety of so doing, results as a necessary consequence from the principle universally admitted, that the expressions of contracting parties must be taken according to their popular meaning.

In the case of Luber v. Goodrich, 5 Cowen, 126, it was held, that a note payable in Pennsylvania paper currency, or New York, to be current in the State of Pennsylvania, or State of N. York was not negotiable. The judge in delivering the opinion of the court remarked:—"The note is not payable in cash. We may officially take notice, that our own bank paper is in conformity with common usage and common understanding, regarded as cash. But we cannot be supposed judicially, to know the value of the paper currency of other States."

The cases cited fully establish the principle, that the courts will judicially take notice in what light the medium or subject matter of payment of a note or bill, is regarded in common understanding. If this principle is to govern us in the construction of the instrument now under consideration, and that it is we cannot doubt, we must come to the conclusion that it is not a bill of exchange within the meaning of our statute. In both of the cases cited from New York, the court upheld the negotiability of the instrument, because in common understanding, the medium of payment was regarded as cash. At the date of this bill, currency was not regarded as cash by the community. In framing their notes and bills, the word was adopted with the express view of preventing a demand for cash or specie. The value of currency was below the specie standard and fluctuating, receding from and advancing to the value of specie. The word currency was introduced in the sense in which it is understood after we were afflicted with a depreciated currency, and to prevent a demand for lawful money. Experience has taught us that there is a wide difference between the currency contemplated by law and the actual currency. The parties must have had these considerations in their mind, otherwise they would not have deviated from the usual course of framing such instruments, but would have simply made the bill payable in dollars. This then is conclusive of the question; and the cases cited from New York, so far from being authority to show that this bill should be deemed negotiable within the meaning of the statute, drive us to the opposite conclusion.

SEPT. TERM, 1842.

Farwell impleaded with Farwell & Fay v. Kennett, White & Kennett.

The courts will judicially take notice, in what light the medium or subject matter of payment of a note or bill is regarded in common understanding; and where a bill or note is made payable in "currency" the value of the "currency," at the time of payment, must be ascertained in the same manner as the value of any other commodity: therefore, where a bill was drawn for "two thousand dollars in currency," and protested for non-payment, it was held, that the holder could only recover the specie value of current bank notes of the nominal amount of two thousand dollars.

SEPT. TERM,
1842.

Farwell im-
pleaded with
Farwell &
Fay v. Ken-
nett, White &
Kennett.

A case has been cited from 1 Hammond's, Ohio R., in which it was held, that a note payable in currency, would be construed to mean current money; and the case above cited from 9th John. is referred to as sustaining the principle. It does not appear from the report, whether currency was regarded as cash or not at that time in Ohio; if it was, the opinion is sustained by authority, otherwise it is opposed to all the cases on the subject. If it is to be regarded as an authority to tie us to the face of the instrument for its interpretation, without regard to the common understanding of the community, it is equally opposed to authority.

If currency, at the date of the bill, was not specie or its equivalent, then it became necessary to ascertain its value, and the demand of the appellee could not be said to be liquidated. The construction of the bill is, that the party would pay its amount in currency; and a tender of the medium used as currency would have discharged the acceptor; and if he failed to pay in currency at the proper time, then he became liable for two thousand dollars in currency, the value of which in specie would be ascertained in like manner as the value of any other commodity. A judgment could not be rendered for currency, but only for dollars and cents to be paid in specie. The court then erred in assessing the damages, and should have awarded a writ of enquiry; and no damages were due, as on a dishonored bill of exchange. Judgment reversed and cause remanded.