### GUELBERTH *vs.* WATSON & HILDEBURN.

Where a promissory note is made payable "with the current rate of exchange on Philadelphia, when due," the amount due thereon does not appear upon the face of the note, and the court cannot assess the damages thereon after judgment by default, but must cause a jury to be empannelled for that purpose.—See Rev. Stat., 1835, title, "Practice at Law," art. 3, sec. 34, 35; Farwell et al. *vs.* Kennett et al., 7 Mo. Rep., 595.

APPEAL from St. Louis Circuit Court.

CALLAHAN, *for Appellant.*

T. T. GANTT, *for Appellees.*

NAPTON, *Judge, delivered the opinion of the Court.*

Watson & Hildeburn filed, in the office of the Clerk of the Circuit Court of Saint Louis, two notes, of the following tenor:

"$350 62-100.            "*Saint Louis, June* 24, 1842.

"Seven months after date I promise to pay to the order of Watson & Hildeburn three hundred and fifty dollars and sixty-two cents, for value received, negotiable and payable, without defalcation or discount, with the current rate of exchange on Philadelphia when due.            "AUGUSTE GUELBERTH.

"*Due January* 24th, 1843.—$359."

The second note was for $356 89, due nine months after date, and payable with the current rate of exchange on Philadelphia when due. The clerk issued a summons accompanied with a copy of the notes, which was duly served. At the return term, the defendant, Guelberth, appeared, and filed a motion to dismiss the cause; because—

1. It did not appear that the legal owners of the notes filed them.

2. It did not appear by whom the suit was instituted.

3. It did not appear that the legal owner instituted the suit.

4. Because no attorneys' names are subscribed to any of the papers.

5. Because it does not appear, from the notes, that the plaintiffs are the legal owners thereof, as mentioned in the writ.

6, 7, 8. Similar causes assigned.

9. Because the act under which suit was instituted is unconstitutional.

The motion to dismiss was overruled, and the case continued until the next term, at which time, no defence being made, and it appearing to the satisfaction of the court, from the notes, that the defendant was indebted to the plaintiffs in the sum of $707 51, the court gave judgment for that amount, with damages, $32 90, and costs. Afterwards, during the same term, the defendant moved to set aside the judgment, because—1st, The motion to dismiss was overruled;

2d, The damages were assessed by the court; 3d, It was premature to give final judgment; 4th, The said cause was never docketed for trial; 5th, The proceedings were such as to preclude a trial by jury. This motion was overruled, and a bill of exceptions taken to the opinion of the court in overruling both motions.

This suit appears to have been instituted under the provisions of the act of Assembly of February 27th, 1843, and the objection to the proceedings on the motion to dismiss, we are of opinion, are unfounded.

A more serious objection to the action of the court is founded on its assessment of damages without the intervention of a jury. The 34th and 35th sections of the act regulating practice at law enact, that whenever an interlocutory judgment by default is entered in any suit founded on any instrument of writing, and the demand is ascertained by such instrument, the court shall assess the damages; in all other cases, the damages shall be assessed by a jury empannelled in the court for that purpose. (Rev. Code, 1835, p. 461.) The seventh section of the act to simplify proceedings at law, passed February 27, 1843, provides, that suits commenced under that act shall be proceeded in to final judgment, in the same manner as if commenced in the ordinary form, except where, in the act, it is otherwise provided. No provision is found in this act, altering the course to be pursued in judgments by default.

The question is, then, did these notes ascertain the demand on their face, or was there not a question of fact to be determined, before the amount due could be ascertained. The notes were payable in "the current rate of exchange on Philadelphia when due." What exchange on Philadelphia was worth in Saint Louis, when these notes became due, was a matter which could only be ascertained by a writ of inquiry; no information could be obtained from the face of the notes.

This case is, in principle, like the case of Farwell, &c., *vs.* Kennett, White & Kennett (7 Mo. Rep., 595), where it was held, that a bill payable in currency was not a liquidated demand, but required the intervention of a jury, to ascertain its value when the note was due. The rate of exchange, like the value of currency, fluctuates, and its value, at any specified point of time, must be ascertained, like any other question of fact, by a jury.

The court erred, therefore, in assessing the damages without the intervention of a jury, and the judgment is reversed, and the cause remanded.