JAMES A. SMITH AND WILLIAM H. BIGGS, Appellants, v. GEORGE GIEGRICH, Respondent.

*Bonds and Notes—Assignment.*—The maker of a note payable in property cannot, as against an assignee in good faith, before maturity, for value, set up a defence he may have had against the payee, if the note be written "for value received, negotiable and payable without defalcation." (R. C. 1855, p. 322, § 3.)

*Appeal from Lewis Circuit Court.*

*Southern & Blair*, for appellants.

This is a negotiable note, not subject to a defence of partial or total failure of consideration, or fraudulent representations, when taken by an innocent purchaser for value, before due—R. C. 1855, pp. 319–20, §§ 1–3. The 1st section makes this a note importing a consideration, &c.; the 2d section makes it assignable; the 3d section exempts it from "set-off or other defence existing at the time of or before notice of assignment."

There is no distinction in this 3d section between a note payable in money or payable in property, and consequently no defence can be made to this note that could not be made to a note for the payment of money.

*Hawkins*, for respondent.

I. Such paper as the note declared upon by plaintiff is not negotiable. (Chit. on Bills, 133.) A note, to be negotiable, must be payable without any contingency whatever. (Coolidge v. Ruggles, 15 Mass. 387; Deforest v. Tracey, 6 Cow. 151–155.) Not negotiable if payable in bank bills. (McCormick v. Stratten, 1 Am. Lea. Ca. 308, &c.; Farwell v. Kennett, 7 Mo. 595.)

II. A note given for a patent that is void by reason of its being useless, is without consideration. (Dickerson v. Hall, 14 Pick. 220; Joliff v. Collins, 21 Mo. 338.)

WAGNER, Judge, delivered the opinion of the court.

This case comes here on an agreed statement of facts. The

suit was originally instituted before a justice of the peace, on the following note:

"On or before the first day of March, 1859, I promise to pay unto Wm. H. Eads, or order, two wagons, to be worth seventy dollars a-piece, for value received, negotiable and payable without defalcation or discount. This 29th day of December, 1857. GEORGE GIEGRICH.

"JOHN HOW, Jr., attest."

The note was given to Eads, on his fraudulent representations, for a patent which it is admitted was entirely worthless. Before it became due it was endorsed to appellants for a valuable consideration, and they took it as innocent purchasers. Respondent, at the trial, interposed as a defence that the note was given without consideration. This defence was objected to, but it was allowed by the court, and judgment rendered in his favor.

The decision of the court below was correct, unless our statute has changed the rule of the common law. By the law merchant, it was the purpose of promissory notes to represent money, and perform as far as possible all its functions; it was of course, therefore, necessary that they should be made payable in money.

A promise in writing to pay or deliver specific articles, or to do any other act than to pay money, has none of the distinguishing characteristics or privileges of negotiable paper. (1 Pars. N. & B. 45.)

By universal usage, and the long established rules of law, a promissory note, to be negotiable, must be payable in money only—either in specie, or in funds which the court can judicially notice as equivalent to money. (4 Mass. 245; 5 Cow. 186; 10 Serg. & R. 94; 6 Cow. 108; 2 Nott & McCord, 519.)

But the common law must always yield to statutory enactments. If the Legislature have changed the character and effect of notes not heretofore negotiable, and invested them with all the attributes of such instruments, for certain purposes, we are bound to obey their authority and carry out

their intentions, without stopping to inquire about the policy. By R. C. 1855, p. 320, it is enacted:

" Sec. 2. All bonds and promissory notes, for money or *property*, shall be assignable in writing, or by an endorsement on such bond or promissory note, and the assignee may maintain an action thereon in his own name, against the obligor or maker, for the recovery of the money or *property* specified in such bond or note, or so much thereof as shall appear to have been due at the time of the assignment, in like manner as the obligee or payee might have done.

" Sec. 3. The obligor or maker shall be allowed every just set-off or other defence, against the assignee or assignor, existing at the time of or before notice of the assignment, unless it shall be expressed in the bond or note that the same is *for value received, negotiable and payable without defalcation.*"

Previous to the revision of 1855 we had no such law as that contained in section three *supra*. Unquestionably it abolishes the distinction between promissory notes payable in money and payable in property, so far as the defence is concerned, when in the hands of an innocent assignee. It was placed in the Revised Code as a substitute for section three of the act of 1849, p. 75, which provided that in case of an assignment of a thing in action, the action by the assignee should be without prejudice to an offset, or other defence, existing at the time of or before notice of the assignment; but it was further expressly provided that the section should not apply to bills of exchange, nor to promissory notes far the payment of *money*, expressed on the face thereof to be for value received, negotiable and payable without defalcation. ·

By placing the two sections in juxtaposition, there can be no difficulty in arriving at the true sense. The law formerly applied to notes for the payment of money ; it was afterwards expressly changed so as to include property. For us to declare that the law has not been changed in its legal import,

would be to solemnly adjudicate that the Legislature have passed a law without any meaning.

The judgment is therefore reversed and the cause remanded. The other judges concur.