M. FITZHARRIS, Appellant, *v.* A. LEGGATT ET AL., Respondents.

June 28, 1881.

A bill of exchange drawn at St. Louis "with exchange on New York" is not negotiable.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

PATRICK & FRANK and A. B. CASTLEMAN, for the appellant: The bill sued on is a negotiable instrument, notwithstanding the provision contained in it for payment " with exchange on New York or St. Louis." — Dan. Neg. Inst., sect. 54 ; *Smith* v. *Kendall*, 9 Mich. 241 ; *Johnson* v. *Frisbee*, 15 Mich. 286 ; *Bullock* v. *Taylor*, 39 Mich. 137 ; *Myer* v. *Hust*, 40 Mich. 517 ; *Sperry* v. *Horr*, 32 Iowa, 184 ; *Leggett* v. *Jones*, 10 Wis. 34 ; *Grutacap* v. *Woulluise*, 2 McLean, 581 ; *Price* v. *Teal*, 4 McLean, 201 ; *Bradley* v. *Lill*, 4 Biss.

473 (declining to follow *Lowe* v. *Bliss*, 24 Ill. 168);
*Pollard* v. *Berries*, 3 Bos. & Pul. 335.

MYERS & ARNSTEIN, for the respondents: The instrument sued on, containing as it does the words "with exchange on New York or St. Louis," is not for a sum certain, is therefore not a negotiable instrument, and the assignee thereof has no greater rights against the drawer than his assignor, who, it is admitted, could not have recovered against the drawers in this case. — *Bank* v. *Gay*, 63 Mo. 35; *Guelberth* v. *Watson*, 8 Mo. 663; *Farwell* v. *Kennett*, 7 Mo. 595; *Samstag* v. *Conley*, 64 Mo. 476; *Lowe* v. *Bliss*, 24 Ill. 168; *Read* v. *McNulty*, 12 Rich. L. 445; *Bank* v. *Newkirk*, 2 Miles, 442; *Farquahar* v. *Insurance Co.*, 18 Alb. L. J. 330; *Jones* v. *Radatz*, 11 Cent. L. J. 512; *Johnson* v. *Speer*, 23 Alb. L. J. 13; 84 Pa. St. 407; 1 Pars. on Notes & Bills, 227; Dan. Neg. Inst., sect. 163; *Chouteau* v. *Allen*, 70 Mo. 339.

BAKEWELL, J., delivered the opinion of the court, on a. rehearing.

The bill of exchange in question in this case, was drawn at St. Louis "with exchange on St. Louis or New York." We held that, because it wanted certainty as to the amount, it was not a negotiable instrument. On this point we granted a rehearing of the case. We are well satisfied that no case bearing directly upon the question can be found which has not now been cited to us by the industry of counsel. After a careful consideration of these cases, we do not find the weight of authority against the conclusion already announced, and we are satisfied that, on principle, that conclusion is correct. If the established rule is to be changed, and it is thought the interests of commerce demand this, we think that the change should be made by the Legislature, and not by the courts.

A text-writer of great respectability (Daniels, Neg. Inst., sect. 55) says, speaking of the certainty as to the amount.

to be paid requisite in negotiable paper : " If there be added to the amount, ' with current exchange ' on another place, the commercial character of the paper is not impaired, as that is capable of definite ascertainment." He cites in support of his statement, *Smith* v. *Kendall*, 9 Mich. 241 ; *Leggett* v. *Jones*, 10 Wis. 34 ; *Grutacap* v. *Woulluise*, 2 McLean, 581 ; *Price* v. *Teal*, 4 McLean, 201. He says that there are cases which hold that such an addition destroys the negotiable character of the paper, and cites *Lowe* v. *Bliss*, 24 Ill. 168 ; *Read* v. *McNulty*, 12 Rich. L. 445. To these may be added *Bank* v. *Newkirk*, 2 Miles, 442. So the matter seems to stand, as to authority. No English case has been found in which an instrument payable with exchange on another city has been held to be commercial paper.

Parsons says : " There should be entire certainty and precision as to the amount to be paid. The reason of this is especially obvious ; for, if the note is to represent money effectually, there must be no chance of mistake as to the amount of money of which it thus takes the place and performs the office. On this point, therefore, the cases are quite stringent. The sum must be stated definitely ; and must not be connected with any indefinite or uncertain sum, nor are we aware of any trustworthy cases in which the rule *id certum est quod certum reddi potest* is permitted to supply the want of express certainty on this point, as it seems to be in relation to some other of the certainties required in promissory notes. Thus, if the promise be to pay a certain sum, \* \* \* the current rate of exchange to be added. \* \* \* In none of these cases can the instrument be regarded as a valid promissory note, even for the specific sum which the maker promises to pay." 1 Pars. on Notes & Bills, 37.

Something has been said on the argument as if the rules of certainty applicable to promissory notes ought not always to be so strictly applied to the case of bills of exchange. But

there seems to be nothing whatever in this. The rules are made specially for bills of exchange, with which, by statute (3 & 4 Anne, c. 9), in England, and by similar statutes in the various States of the Union, promissory notes are put on the same footing in every respect. Attempts to distinguish them have sometimes been made ( *Carlos* v. *Fancourt*, 5 Term Rep. 482) ; but this has always been in the sense of relaxing the admitted rules of certainty in respect to bills in favor of notes. And the courts have denied the distinction.

The rate of exchange constantly fluctuates. The well-established rule has been that the amount for which a bill of exchange is drawn must be something certain and not something that may be rendered certain by extrinsic evidence. But no evidence could render it certain for what sum a bill drawn on a foreign city with exchange, is drawn. The rate of advance or decline cannot be certain when the bill is drawn. We do not see what right we have to change an established existing rule of commercial paper in the supposed interests of commerce. To hold a bill drawn for an uncertain amount negotiable, is the denial of an established principle in regard to commercial paper.

There seemed to be, at one time, a tendency to uphold the negotiability of promissory notes containing such clauses as a provision for collection fees. But, in Missouri, it has been held that such provisions introduce some element of uncertainty, and, for this reason, such notes are held with us not to be negotiable. *Bank* v. *Gay*, 63 Mo. 33.

The judgment hitherto rendered by this court will not be disturbed. All the judges concur.