Chandler v. Calvert.

---

JOHN T. CHANDLER, Appellant, v. HATTIE E. CAL-
VERT, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. Bills and Notes: NEGOTIABILITY: EXCHANGE. A note payable "with exchange" is not negotiable.

2. ———: PLACE OF PAYMENT: EXCHANGE. Though if the note be drawn and made payable at the *same place*, the words "with exchange" will not effect its negotiability, since in such case there could be no exchange.

3. ———: PAYABLE IN MONEY: PROPERTY. A negotiable promissory note represents money and must be payable in money only. This is true both under general commercial law and the statutes of Missouri, though at one time in Missouri an instrument payable in property was a negotiable note. And now, when so payable, it is a note, but not negotiable.

4. ———: ———: ———: PAYABLE IN EXCHANGE. A promissory note payable, principal and interest, in New York exchange, is not negotiable.

5. ———: FRAUDULENT: THIRD PARTIES. A non-negotiable note, fraudulent in its inception, is not enforcible in the hands of a third party.

6. ———: DEBT: DISCHARGE: MORTGAGE. A debtor may sometimes be discharged and yet the mortgage securing the debt remain in force.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*B. P. Finley, A. F. Evans and Sandusky & Sandusky* for appellant.

(1) The note sued on is negotiable. It was executed at Kansas City, Missouri, and was payable at Kansas City, Missouri. Christian Co. Bank v. Goode, 44 Mo. App. 129; Bradley v. Lill, 4 Biss, 473 Fed. Cas. No. 1,783; 1 Daniels Neg. Int., sec. 54. (2) The deed to Chandler in express terms states that "This deed is made subject to all incumbrances of record." Therefore it could not have been in satisfaction of the deed of trust securing the $400 note, which was an "incumbrance of record." The grantee in a deed "subject to an incumbrance" simply takes the land charged with the incumbrance. Walker v. Goodsill, 54 Mo. App. 631; Wilson v. Vanstone, 112 Mo. 315; Ins. Co. v. Irwin, 67 Mo. App. 90; 2 Pomeroy's Eq. Jur. 792, 793; Johnson v. Zink, 51 N. Y. 333. (3) The conveyance to Chandler "subject to all incumbrances of record" left the respondent still owing the note, but upon payment of the note she is entitled to be subrogated to the rights of the mortgagee as against the mortgaged lot, the lot being the primary fund for the payment of the note. Johnson v. Zink, 51 N. Y. 333; Walker v. Goodsill, 54 Mo. App. 631. (4) There was no evidence that the deed to Chandler, dated February 8, 1896, was in satisfaction of the deed of trust securing the note sued on.

*F. M. Black* and *J. C. Rosenberger* for respondent.

(1)   The note sued on provides on its face that it is "payable in New York exchange," which fluctuates from day to day, is for an uncertain amount and said note is therefore non-negotiable.   Fitzharris v. Leggatt, 10 Mo. App. 527; Bank v. Gay, 63 Mo. 33; Samstag v. Conley, 64 Mo. 476; Bank v. Marlow, 71 Mo. 618; Bank v. Jacobs, 73 Mo. 35; McCoy v. Green, 83 Mo. 633; Hope v. Barker, 112 Mo. 341; Ready v. McNulty, 12 Rich. L. 445; Bank v. Newkirk, 2 Miles, 442; Johnson v. Speer, 84 Pa. St. 407; 1 Parsons on Notes and Bills, 37; Daniel, Neg. Inst., 163.   (2)   The fraud in the execution of the note being conceded, and the note being non-negotiable, the court could have properly directed a verdict for respondent.   The verdict being for the right party the judgment should be affirmed.   Milstead v. Mortgage Co., 49 Mo. App. 194.   (3)   There was abundant evidence to support the verdict of the jury that appellant accepted the deed to the La Veta place lot in satisfaction of the note sued on, and this issue was fairly submitted to the jury, both parties asking and receiving instructions from the court on this issue.   (4)   Appellant will not be heard to assert that there was not sufficient evidence of a settlement to warrant the submission of that question to the jury, when he himself asked two instructions on that issue.   One of which, number two was given, and the other, number four, refused, because covered by defendant's instruction number four.   Fenwick v. Bowling, 50 Mo. App. 516; Water Co. v. Neosho, 136 Mo. 498; Wilson v. Gibson, 63 Mo. App. 656.

ELLISON, J.—This is an action on a note made and dated at Kansas City, Missouri, for $400 due three years from date with 8 per cent interest, "principal and interest payable in New York exchange," at the "National Bank of Kansas City, Kansas City, Missouri."   It was given by defendant to

Thomas J. Green and by the latter indorsed to plaintiff for value before maturity and without notice of any defense. The plaintiff contends that it is a negotiable promissory note, and the defendant contends that the words therein: "principal and interest payable in New York exchange," render it non-negotiable. The trial court held the note to be negotiable, but the jury found against plaintiff on other grounds, to be considered further on, and he appealed the cause to this court.

The rule is firmly established that it is requisite to the negotiability of a written instrument that the money promised to be paid must be a certain and definite sum. But what variation from the ordinary contract, which makes an ordinary negotiable note will be considered as rendering it uncertain and non-negotiable, is not determined by the authorities with uniformity. In this State it was held in an opinion by Judge BAKEWELL that a bill of exchange drawn at St. Louis "with exchange on New York" was not negotiable on account of the uncertainty of what sum the exchange would be; the rate of exchange being in a constant state of fluctuation. Fitzharris v. Leggatt, 10 Mo. App. 527. In our opinion that case states the correct rule, since we in this State hold strictly to the rule that the sum to be paid must be set forth with certainty and not be subject to any contingency. The rule, *"Id certum est, quod certum reddi potest,"* does not obtain with us as applied to fixing the sum payable in a promissory note. Bank v. Gay, 63 Mo. 33. Negotiable notes, in commercial dealing, occupy the same place that money does. 1 Parsons Notes and Bills, 30, 37; Story Prom. Notes, sec. 41. They pass from hand to hand as money. People v. Bates, 120 U. S. 565. It therefore seems to be clear that anything embodied in the contract which renders the amount therein to be paid uncertain, ought to destroy the negotiability of the paper, if we pay the least attention to the definition of such commercial

security and the *object* and *purpose* of its being brought into use. The view we here take is supported by the weight of authority. Bank v. Newkirk, 2 Miles, 442; Lowe v. Bliss, 24 Ill. 168; Bank v. Bynum, 84 N. C. 24; Ready v. Mc Nulty, 12 Rich. L. 445.

There are cases in which a bill of exchange is drawn and made payable at one and the same place "with exchange" where it is held, that being drawn and made payable at one place, there can be no exchange; and therefore the words quoted are meaningless and should not be regarded. Bank v. Goode, 44 Mo. App. 129; Hill v. Todd, 29 Ill. 101; Clauser v. Stone, 29 Ill. 114. Those cases were decided, not in opposition to the rule as we state it, but in recognition of it. There are other cases equally pointed in supporting the view we are endeavoring to state. Thus, in Lamb v. Story, 45 Mich. 488 (s. c., 52 Mich. 525) the note was for $150, and drew ten per cent interest from date, but had indorsed thereon, that if it should be paid within one year, no interest was to be paid. The court said: "We are of the opinion that the instrument sued upon can not be considered a negotiable promissory note. While it is made payable on or before two years with ten per cent interest, and is thus far definite and certain, yet the subsequent clause, that if paid within one year it shall not draw interest, destroys the element of certainty which otherwise would exist. No person, until after the expiration of the first year, could with absolute certainty determine or ascertain the amount that would be paid in discharge thereof."

In Way v. Smith, 111 Mass. 523, the note contained a provision, that if it was paid any time before maturity, "interest at the rate of eighteen per cent per annum shall be deducted till due." It was held to be "inconsistent with the essential character of a negotiable promissory note." In

Chouteau v. Allen, 70 Mo. 339, a bond contained a clause that "the company reserve the right to pay the same at any time to be named by them, by adding to the principal a sum equal to twenty per cent thereof," and it was held by SHER-WOOD, J., that the contingency as to the amount to be paid rendered the note non-negotiable.

But, in point of fact the note here in controversy does not belong to the class we have been discussing. For this note is not a note payable in money "with exchange." It is not a note payable in money at all. It is "payable in New York exchange." The provision is wholly unlike those which we have been considering. An instrument to be a note, in the absence of a statute, must be payable in *money.* "As it is the purpose of promissory notes to represent money and to perform, so far as possible, all its functions, it is of course necessary that they should be payable in money. (1 Parsons Notes & B., 45) and "in money only." Story on Prom. Notes, sec. 17. Therefore a promise to pay a sum of money "in good East India bonds," or, "in Bank of England notes," or "in bank bills or notes," or, "in foreign bills," or, "in current bank notes," is not a promissory note. Story on Prom. Notes, sec. 18. So an instrument payable "in current funds at Pittsburg," was not payable in money and was therefore held not negotiable. Wright v. Hart, 44 Pa. St. 454. A note payable in "Pennsylvania or New York paper currency" was held not to be negotiable. Leiber v. Goodrich, 5 Cowen, 186. And so it was held of a note payable "in Canada money." Thompson v. Sloan, 23 Wend. 71. An early case in this State, which has never been questioned, sustains the foregoing statements of the law. Farwell v. Kennett, 7 Mo. 595, where it was held that an instrument, drawn payable "in currency," was not a bill of exchange.

New York exchange is not money; it is a commodity, or,

in other words, it is property. And to make an instrument payable in property, a note requires the aid of a statute. We have such a statute in this State. R. S. 1899, sec. 894. In obedience to the statute the instrument in suit must be denominated a note. It is however not commercial paper; it is not a negotiable note. In 1855, we had a statute making such notes negotiable (Smith v. Giegrich, 36 Mo. 369), but the provisions of that statute have not been found in the revisions since. On the contrary, the statute concerning negotiable notes is now, and has been for many years, so worded as not to include an instrument payable in property. It reads (section 457) that, "Every promissory note for the payment of *money* \* \* \* shall have the same effect and be negotiable in like manner as inland bills of exchange." We therefore hold that the note in suit was not negotiable.

The note was a part of the purchase price of a lot in "La Vita Place," Kansas City, Missouri, which was bought by defendant of Green, through his agent, for the price of $1,000. Of this sum $200 was paid to Green in cash and the note in suit for $400, secured by deed of trust on the lot, together with eight other notes of $50 each, secured by a second deed of trust, were executed by defendant. She paid three of the latter notes and some interest before she discovered the fraud. It is conceded that the note in suit was the result of a gross fraud perpetrated on defendant by defendant's agent in the sale of the lot. The note being the immediate outgrowth of a fraud and, as we have seen, not being negotiable, it follows that defendant can not be held thereon by this plaintiff. He has no better claim to a judgment thereon than Green would have had, had he not parted with it; unless it be by reason of the consideration following.

It seems that when Green learned that his agent had defrauded defendant he began to contrive how he could make

matters right with her. He had no money, but did have some other lots. By arrangement between defendant and Green he conveyed to her another lot at an agreed price of $1,000, and credited her on this price with the sums she had paid on the other lot, and the note in suit was to be returned to her or destroyed, or she be protected against it (the evidence is not clear which was to be done) and the balance (whatever that was) was to be paid by defendant boarding Green, she being proprietress of a boarding house. She then conveyed, by Green's order, to the Trans-Atlantic Mortgage Trust Co. (of which Green was president), the original lot Green's agent had sold her. Some three or four years afterwards, by an understanding between them, Green caused this last lot to be conveyed to plaintiff. This was a warranty deed but was in the formal consideration of one dollar, though nothing was paid. It contained the following clause: "This deed is made subject to all incumbrances of record." Defendant claims that the evidence disclosed, that by this arrangement between Green and plaintiff, whereby the former had the lot conveyed to the latter, it was understood and agreed that it was in satisfaction of the note in suit held by plaintiff. Plaintiff denies this and relies much upon the provision in the deed which he took, that it was made subject to incumbrances. This issue was submitted to the jury and the finding was for defendant.

We are of the opinion that conceding plaintiff to be correct in this dispute, it can not affect the defendant. The note was a fraud upon her. She was not liable on it to Green, and being non-negotiable, she was not liable on it to this plaintiff. The only way in which defendant could have become liable on the note would have been by including in the adjustment of the fraud upon her by Green an understanding that she was to pay the note. If there had been an adjustment between her

and Green on the basis that she was to recognize the note in suit as a valid obligation, it would have had the effect of condoning the fraud in its inception and become an agreement, on valid consideration whereby the note was made good. There is no pretense of such understanding. So, therefore, it is of no consequence to defendant whether plaintiff accepted a deed to the original lot from Green in satisfaction of the note. As to her it had no legal existence.

Defendant's instruction number four put to the jury the hypothesis of plaintiff taking the deed from Green in satisfaction of the note. It was a burden she need not have assumed. The instruction was doubtless made to include such burden so as to cover the contingency of the note being finally held to be negotiable and therefore valid in plaintiff's hands.

But concede that we have misconceived the effect of the evidence as bearing upon the legal proposition we have just stated in connection with the adjustment between Green and defendant; we must then go to the question just mentioned whether plaintiff did, in fact, accept the deed from the mortgage company in satisfaction of the note. Plaintiff claims that the deed, reciting that it was made subject to the incumbrance, is *conclusive* that the note was not satisfied as to this plaintiff. This is not correct. It does not conclusively follow that a note secured by a mortgage is recognized as a subsisting obligation against the maker, merely for the reason that the deed accepted by the grantee recites that it is made "subject to the mortgage." There are many conditions in the various forms of business complications where the debtor may be discharged, and yet the instrument securing the debt remain in force. Bartlett v. Eddy, 49 Mo. App. 41; Walker v. Goodsill, 54 Mo. App. 636. In this case plaintiff must have recognized that it was not conclusive, for he produced oral testimony in his own behalf showing that he did not take the

deed in satisfaction of the note.

Plaintiff further claims that there is no evidence, at least no sufficient evidence, to support the verdict that plaintiff accepted the deed in satisfaction of the debt. In this we feel sure that he misconceives the force and effect of the reasonable inferences which a jury is permitted to draw from circumstances and testimony. It is not necessary to go into detail, but we are satisfied that the circumstances shown; the connection between plaintiff and Green; the number of deals they had of like kind; the acceptance of a conveyance of the lot without paying anything therefor; the ceasing to ask for interest as it fell due; the failure through many years to attempt to collect the note—these were matters which could rightfully be considered by the jury. But in addition to this was the testimony of plaintiff's brother who took the deed, which may well be interpreted to mean that the whole affair was adjusted and that the deed was taken "to settle up the business."

The judgment must be affirmed. All concur.