JOSEPHINE HASLACH V. THEODORE WOLF ET AL.

FILED DECEMBER 3, 1902. No. 12,199.

Commissioner's opinion, Department No. 2.

Promissory Note "With Exchange." A promissory note is not rendered non-negotiable by an agreement to pay the sum named "with exchange" on a point other than that at which it is payable.

ERROR from the district court for Platte county. Action in the nature of assumpsit on promissory note. Tried below before HOLLENBECK and ALBERT, JJ. Verdict and judgment for plaintiff. Defendant brings error. *Reversed.*

*McAllister & Cornelius,* for plaintiff in error.

*James G. Reeder* and *R. W. Hobart, contra.*

POUND, C.

In *Garnett v. Meyers,* 65 Nebr., 280, this court expressly left open the much-vexed question whether a note or bill for the payment of a certain sum "with exchange" is rendered non-negotiable by the agreement to pay exchange. The subject has been discussed exhaustively in a number of recent cases, and, now that the question is squarely presented, we have only to range ourselves upon the one side or the other and indicate our reasons briefly. Most of the text-writers have held that such a stipulation has no effect upon the negotiability of the instrument. 1 Daniel, Negotiable Instruments, sec. 54; 1 Randolph,

Haslach v. Wolf.

Commercial Paper, sec. 200; Tiedeman, Commercial Paper, sec. 28$a$; Norton, Bills & Notes, sec. 25. But it may be observed that these authors wrote, for the most part, before certain recent decisions, in which the opposite view has been asserted with much force and ability. The adjudicated cases are in conflict, and almost evenly balanced. The view that such a provision is without effect upon the negotiability of the instrument is supported by *Clark v. Skeen*,[*] 61 Kan., 526, 60 Pac. Rep., 327; *Hastings v. Thompson*,[†] 54 Minn., 184, 55 N. W. Rep., 968; *Smith v. Kendall*,[‡] 9 Mich., 240, and subsequent decisions in Michigan; *Whittle v. Fond du Lac Nat. Bank*, 26 S. W. Rep. [Tex. Civ. App.], 1106; *Morgan v. Edwards*,[§] 53 Wis., 599, ·11 N. W. Rep., 21; *Bradley v. Lill*, 4 Biss. [U. S. C. C.], 473. The contrary position is maintained in *Culbertson v. Nelson*,[||] 93 Ia., 187, 61 N. W. Rep., 854; *Flagg v. School District No. 70*,[¶] 4 N. Dak. 30, 58 N. W. Rep., 499; *Nicely v. Commercial Bank*, 15 Ind. App., 563, 44 N. E. Rep., 572, and subsequent cases in Indiana; *Fitzharris v. Leggatt*, 10 Mo. App., 527; *First Nat. Bank v. Bynum*, 84 N. Car., 24; *Read v. McNulty*, 12 Rich. Law [S. Car.], 445, 78 Am. Dec., 467, and subsequent cases in that state; *Hughitt v. Johnson*, 28 Fed. Rep., 865, and several subsequent decisions in the federal courts. Some of the cases on each side are open to obvious criticism. *Morgan v. Edwards* is a *dictum* as to this point, and *Bradley v. Lill* goes so far as to hold that an instrument payable "in exchange" on a certain point is negotiable. See *Chandler v. Calvert*,[**] 87 Mo. App., 368. On the other hand, some of the decisions taking the opposite view are based upon special provisions of statutes. The whole matter turns upon the question whether such a stipulation renders the amount uncertain,

[*] 49 L. R. A., 190, 78 Am. St. Rep., 337.
[†] 21 L. R. A., 178, 40 Am. St. Rep., 315.
[‡] 80 Am. Dec., 83.
[§] 40 Am. Rep., 781.
[||] 27 L. R. A., 222; 57 Am. St. Rep., 266.
[¶] 25 L. R. A., 363.
[**] If a note be drawn and made payable at the *same place*, the words "with exchange" will not affect its negotiability, since in such case there could be no exchange.—W. F. B.

so as to destroy one of the essential elements of negotiability. While it is true that in a sense an uncertain element is imported into the instrument by the agreement to pay exchange, the difficulty is more specious than real. Business is carried on more or less in subordination to certain financial centres, to which and from which money is constantly flowing. When a note is made payable in Lincoln with Chicago exchange, the practical business effect is the same as if it had been payable in Chicago, but, for convenience, the parties had agreed that it might be paid at Lincoln, with the cost of transmission. *Clark v. Skeen* and *Morgan v. Edwards, ubi supra.* Looked at in this way, the exchange becomes a mere incident, not affecting the amount of the debt itself, and analogous to such matters as attorneys' fees and costs of collection, which do not affect negotiability. As Mr. Daniel puts it: "The spirit of the rule requiring precision in the amount of negotiable instruments applies rather to principal amount than to the ancillary and incidental additions of interest or exchange." 1 Daniel, Negotiable Instruments, sec. 54*a*. These questions are primarily questions of business and business usage, and so far as not foreclosed by any established course of decision, ought to be resolved in a liberal spirit, to promote the interests of business, rather than by a strict adherence to the letter of rules. The policy of the rule as to negotiability, is in no way infringed by the provision as to exchange. The custom and convenience of business men have introduced it in such instruments, and would, perhaps, afford sound reason, in view of the general approval of standard text-writers, for a modification of or exception to the general rule, if necessary. But there is sufficient ground to hold that the reason of the rule is unaffected, and the infringement of its letter, if any, is of trivial consequence.

It is argued that the provision of the note in suit for payment of "attorneys' fees" generally, without specifying for what purpose, destroys negotiability. But we

must give the instrument a reasonable construction. It is self-evident that fees for collecting the note, if not paid at maturity, were referred to. As our law now stands, this clause was mere surplusage, and may be wholly disregarded.

Objection is made also to the petition. The allegations of that pleading are not as precise as they might be. But the defendant pleaded that the note was taken after maturity and without consideration, and plaintiff denied these allegations generally; the parties went to trial upon the theory that those questions were in issue, and decisive of plaintiff's rights, and the trial court expressly based its decision upon the question whether the instrument was negotiable. The theory which the parties held below ought to bind them here, and the cause should be treated as all parties as well as the trial court there treated it.

We recommend that the judgment of the district court be reversed and the cause remanded.

BARNES, C., and OLDHAM, C., in separate opinion, concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.

OLDHAM, C., concurring.

I concur in the conclusion reached by my learned associate in this case, because I believe the opinion is in harmony with the former holdings of this court on the question of negotiability of the instrument, but on sound principle I believe the decision is wrong.