JOSEPHINE HASLACH v. THEODORE WOLF ET AL.

FILED APRIL 19, 1905. No. 13,889.

1. **Petition** examined, and *held* sufficient to allege a purchase of the promissory note in dispute for value, before maturity, under the law merchant.

2. **Promissory Note: INDORSEMENT.** Where there is no evidence as to the date of an indorsement on a negotiable promissory note of the name of the payee or an endorsee, the presumption of law is that it was made before maturity and that the holder thereof is a *bona fide* holder for value.

ERROR to the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*McAllister & Cornelius,* for plaintiff in error.

*A. M. Post, J. J. Sullivan* and *Albert & Hobart, contra.*

OLDHAM, C.

This cause of action is before this court a third time for review. The cause originated in the district court for Platte county, Nebraska, as a suit on a promissory note, and the petition filed was as follows:

"In the District Court for Platte County, Nebraska.

"JOSEPHINE HASLACH,
                    Plaintiff,
          v.
THEODORE WOLF AND EMMA WOLF,
                    Defendants.

"The plaintiff complains of the defendants, for that on 1st day of June, 1887, said defendants made and delivered to Wm. H. Beck his certain promissory note of which the following is a copy:

" '$2,000                    CRESTON, June 1, 1889.

" 'Five years after date, we or either of us promise to pay to the order of Wm. Beck Two Thousand Dollars ($2,000), at Creston, with New York exchange, for value received, without relief whatever from valuation or appraisement law, with seven and a half per cent. (7½) interest from date, interest payable semiannually until paid and attorneys' fees.

          " 'THEODORE WOLF and EMMA WOLF.'

"Said note is indorsed as follows: 'Pay to the order of Josephine Beck, William H. Beck.' 'Pay to Josephine Haslach, Josephine Beck.'

"For a valuable consideration this plaintiff purchased this note before maturity, and this plaintiff is now the owner and holder thereof. No part of said note has been paid except the interest, which has been paid to December 1, 1895, and there is now due on said note from the de-

fendants to the plaintiff the sum of $2,000 with interest at seven and a half per cent. (7½) per annum from December 1, 1895, for which, with costs of suit, plaintiff asks judgment."

To this petition defendant Theodore Wolf filed a separate answer, which, in substance, admitted the execution of the note in controversy, and alleged that after said note, by its terms, had become due and payable, it was by the payee thereof, William H. Beck, without any consideration therefor, indorsed and transferred to Josephine Beck, who without consideration indorsed and transferred the same to the plaintiff, and that the plaintiff, as well as Josephine Beck, had notice of the defense existing against said note between plaintiff and the payee therein named. The answer then set out an unsettled partnership account between the maker of the note and William H. Beck, the payee, and alleged that at the time of the execution of the note the payee therein named was indebted to the maker on said accounting in a sum largely in excess of the face of the note. The answer prayed for an accounting bewteen defendant Theodore Wolf and William H. Beck, the payee of the note. A reply was filed to this answer by plaintiff in the nature of a general denial. When the cause came on for hearing it was ordered by the court that the issue joined on the *bona fides* of the transfer of the note to the plaintiff be separately tried as an issue of law. A hearing was accordingly had on the question of the *bona fides* of the purchase, and the district court found that the note was a nonnegotiable instrument. To reverse this judgment of the district court plaintiff brought error to this court. Our decision on this branch of the case is officially reported in 66 Neb. 600, and the judgment of the district court was reversed and the cause remanded for further proceedings. After the district court had found that the note was nonnegotiable, William H. Beck, the payee of the note, was made a party defendant, and appeared and pleaded to the allegations of defendant's answer as a petition, and having joined issues thereon, a trial was had to the court, which resulted

in a judgment in favor of defendant Wolf and against his former partner, William H. Beck, for the amount due on the note. Beck took an appeal from this judgment, which, on a hearing in this court, was affirmed in an opinion unofficially reported, by LOBINGIER, C., published in 4 Neb. (Unof.) 306. When mandates were issued on each branch of the case and returned to the district court, defendant filed a motion in the district court for judgment on the pleadings and mandates. This motion was sustained by the trial court and a judgment for defendant was entered, and to reverse this judgment plaintiff again brings error to this court.

The tangled web which has been woven around the issues involved in this case, we think, can be unraveled by the application of a few elemental principles of pleading and practice. By our decision in this cause, reported officially in 66 Neb. 600, we held that the note sued upon was negotiable. In our unofficial opinion, published in 4 Neb. (Unof.) 306, we affirmed a judgment on a partnership accounting between Theodore Wolf, the maker of the note, and William H. Beck, the payee, which found that the payee was indebted to the maker in a sum equal to the amount due on the note at the time the note was executed. Now, if the petition sufficiently alleges a purchase and indorsement of the paper before maturity under the law merchant, it follows that, on the face of the petition, plaintiff took the paper shorn of all equities existing between the parties to the instrument, and that the motion for judgment on the pleadings and mandate should have been overruled. But if the petition is insufficient on its face to show that plaintiff is an innocent holder of the note, then the trial court was justified in sustaining the motion.

We have copied the petition at length, not for the purpose of commending it as a model pleading, but rather to determine the sufficiency of its allegations. The petition alleges that the note bears certain indorsements, which are set out, and it also alleges that the plaintiff purchased

the note for a valuable consideration, before maturity, and is now the owner and holder thereof. It is not alleged, however, that the indorsements were made before maturity; and defendant by his answer alleges that the indorsements were all made after the maturity of the paper and with full knoweldge of the equities existing between the maker and payee. The allegations in the answer are denied by the reply. Therefore the question to be determined is what legal presumption arises from an allegation in a petition on a negotiable promissory note, alleged to have been purchased under the law merchant, before maturity, from a mere recital of the indorsements on the paper, without any allegation as to when the indorsements were made?

In the case of *Rahm v. King Wrought-Iron Bridge Manufactory,* 16 Kan. 530, this question was reviewed in a very able and exhaustive opinion by Brewer, J., and it was there held that "where there is no evidence as to the date of an indorsement, the presumption of law is, that it was made before maturity, and that the holder is a *bona fide* holder for value." This proposition seems to be concurred in very generally by the text-writers. See 1 Daniel, Negotiable Instruments (5th ed.), sec. 728; 2 Randolph, Commercial Paper, sec. 686, and cases there cited. It follows from basic principles that if it is not necessary for plaintiff to prove the date of the indorsements in the first instance, it is not necessary to allege them in the petition.

We are therefore of the opinion that the learned trial judge erred in sustaining defendant's motion for judgment on the pleadings and mandates, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.