*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0788**

The Bank of New York Mellon fka the Bank of New York,
Respondent,

vs.

Simon C. Reff, et al.,
Appellants.

**Filed April 6, 2015
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-HC-13-6561

Mark G. Schroeder, Briggs and Morgan, P.A., Minneapolis, Minnesota; and

Keith S. Anderson, Bradley Arant Boult Cummings LLC, Birmingham, Alabama (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellants challenge the district court's grant of summary judgment, arguing that (1) respondent lacked standing or legal capacity to bring this eviction action, (2) they

were entitled to summary judgment as a matter of law, and (3) the district court abused its discretion in failing to grant an unconditional stay of the proceedings pending a decision in a related action. We affirm.

## FACTS

In 2006, appellants Simon C. Reff and Angela L. Reff executed a note in favor of First National Bank of Arizona and secured the note by executing a mortgage on their Minneapolis home in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for First National Bank of Arizona. In 2011, MERS assigned the mortgage to respondent The Bank of New York Mellon, which foreclosed the mortgage by advertisement after appellants failed to make payments on the note. Respondent purchased the property at a sheriff's sale on January 4, 2013, and appellants did not exercise their right to redeem during the six-month redemption period, which ended on July 5, 2013.

In September 2013, appellants began a quiet-title action in state court, which was later removed to federal district court, to challenge the foreclosure. *Reff v. Bank of N.Y. Mellon*, No. 13-CV-3415, 2014 WL 4145407, at *1-3 (D. Minn. Aug. 20, 2014). Appellants alleged that the mortgage was void and the foreclosure was invalid because the assignment of the mortgage to respondent violated a trust pooling-and-service agreement and New York securities law and because not all assignments of the mortgage were recorded before the foreclosure. *Id.* at *2.

In November 2013, respondent began this eviction proceeding. In December 2013, respondent moved the federal district court to dismiss appellants' quiet-title action.

2

*Id.* at *1.  In response to the eviction complaint, appellants raised the same claims that they presented in the quiet-title action and moved to stay the eviction proceedings until their quiet-title action could be heard in federal district court.  The state housing court referee granted appellants' motion for a stay of proceedings on the condition that appellants pay an initial $5,463.92 and $1,365.98 each month thereafter until the federal action was resolved.[1]

Appellants did not make these payments, and on March 6, 2014, the housing court referee granted summary judgment to respondent in the eviction matter.  Appellants filed a notice of judicial review of the housing court referee's order, which was granted in March 2014.  The housing court referee ordered appellants to provide security in the amount of $2,731.96 to stay the writ of recovery pending the district court's decision.  Appellants did not post security and the stay was lifted on April 18, 2014.  On April 28, 2014, the district court affirmed the housing court referee's summary-judgment decision.  This appeal followed.  The housing court referee stayed execution of the writ of recovery pending appeal to this court conditioned on appellants' posting a supersedeas bond in the amount of $15,713.19.  In August 2014, the federal district court rejected appellants' arguments and dismissed their cause of action.  *Reff*, 2014 WL 4145407, at *1.

---

[1] Minn. R. Gen. Pract. 602 permits eviction actions to be heard before a housing court referee.  The referee issues recommended orders and findings, which become the district court's orders and findings upon confirmation by a judge.  Minn. Stat. § 484.70, subd. 7(c) (2014).  A separate procedure allows a party to seek review by the district court of a recommended or confirmed order.  *Id.*, subd. 7(d) (2014); Minn. R. Gen. Pract. 611(a).  To distinguish between the two procedures, the facts section of this opinion refers to confirmed orders as orders of the housing court referee.

**D E C I S I O N**

We review the district court's grant of summary judgment de novo to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013).

**I.**

Appellants argue that respondent does not have standing and lacks the legal capacity to bring this eviction action because the underlying mortgage and foreclosure are invalid. We see no merit in appellants' arguments. The concept of standing ensures that the plaintiff is the proper party to bring a particular legal action. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). A plaintiff must have a sufficient stake in a justiciable controversy, established either because a party has suffered an injury-in-fact or because standing has been statutorily conferred upon the plaintiff. *Id.*

Respondent is the holder of the sheriff's certificate of sale.

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale . . . after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2014). As the presumed owner in fee, respondent has a sufficient stake in the outcome of the eviction action.

Appellants argue that the prima facie evidence of the sheriff's certificate of sale can be rebutted by demonstrating irregularities in the sheriff's sale, and ask this court to

4

take judicial notice of certain aspects of New York securities law. A court may take judicial notice of adjudicative facts in a civil case if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the [district] court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(a)-(c). Interpretation of the law of another state is not an adjudicative fact. *See Farmers' State Bank of Rockwell, Iowa v. Walch*, 133 Minn. 230, 232, 158 N.W. 253, 254 (1916) (declining to take judicial notice of Iowa statutory law).

In any event, because appellants were challenging the foreclosure in a related civil action in federal court, the state district court's decision to limit the eviction action to the question of possessory rights was not an abuse of discretion. *See Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164-65 (Minn. App. 2014) (discussing the limited scope of an eviction action). The federal district court determined that appellants' arguments regarding the validity of the mortgage and the foreclosure were meritless and dismissed appellants' action. *Reff*, 2014 WL 4145407.

## II.

Appellants argue that the district court erred by granting summary judgment in favor of respondent. An eviction action is a summary proceeding intended to adjudicate the limited question of who has a present possessory right to a property. *Hanson*, 841 N.W.2d at 164. It is the appropriate proceeding for recovering possession of a property when a person holds over on foreclosed property following the end of the redemption period. Minn. Stat. § 504B.285, subd. 1(a)(1)(ii) (2014). In other words, a party seeking

5

eviction may recover possession by showing that (1) the other party remains on the property, (2) the mortgage on the property has been foreclosed, (3) the statutory redemption period has expired, and (4) the party seeking eviction has a right to possession of the property.

The record before us demonstrates that respondent provided evidence that appellants remained on the property, the mortgage in question was foreclosed, the statutory redemption period expired without an attempt to redeem the property, and respondent had a right to possession of the property because it held the sheriff's certificate of sale. Appellants have not produced sufficient evidence to create more than a "metaphysical doubt" as to any of these facts. *See State Farm Fire & Cas. v. Aquila, Inc.*, 718 N.W.2d 879, 886-87 (Minn. 2006) (stating that to raise a genuine issue of material fact, a party "must provide more than evidence merely creating a metaphysical doubt as to a factual issue"). Respondent is entitled to judgment as a matter of law. The district court's grant of summary judgment was not erroneous.

### III.

Appellants argue that the district court abused its discretion by refusing to grant them an unconditional stay of the eviction proceeding, citing *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 319-20 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). "'Generally, whether to stay a proceeding is discretionary with the district court, [and] its decision on the issue will not be altered on appeal absent an abuse of that discretion.'" *Id*. at 317 (alteration in original) (quoting *Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 358 (Minn. App. 2006)).

6

This court held in *Bjorklund* "that when the counterclaims and defenses [raised by the possessor of property] are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." *Id.* at 318-19. In this case, appellants were granted a stay until the action in federal court was resolved. But as a condition of the stay, appellants were required to pay an initial $5,463.92 and $1,365.98 each month thereafter. *Bjorklund* does not address whether a stay should be conditional or unconditional. This court, however, has stated that the "district court would be ideally situated to decide whether, to what extent, and under what conditions, to enjoin a related eviction proceeding" while another civil proceeding is pending. *Jones*, 720 N.W.2d at 360; *see also* Minn. Stat. § 504B.371, subd. 3 (2014) (providing that appealing party in eviction proceeding must post bond); Minn. R. Gen. Pract. 611(b) (permitting housing court referee to impose conditional bond for stay pending judicial review).

In determining whether the district court abused its discretion in imposing conditions on the stay granted until the action in federal court was resolved, it is necessary to recognize that the federal court action challenged the validity of the mortgage foreclosure. If the action succeeded and the mortgage was reinstated, appellants would be responsible for payments due under the mortgage note. The payments that appellants were required to make as a condition of the stay were equal to the payments that were required under the mortgage note while the federal action was pending. Because appellants remained in possession of the mortgaged property while the

7

federal action continued, it was not an abuse of the district court's discretion to require the payments as a condition of the stay of the eviction proceeding.[2]

**Affirmed**.

---

[2] This court has noted the fact-specific nature of *Bjorklund* and rejected the argument that a dispute over property ownership or the validity of a mortgage mandates a stay. *Hanson*, 841 N.W.2d at 165. We do not address appellants' argument that this case is distinguishable from *Hanson*.